AO 241
REV 6/82

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

FILED
DISTRICT COURT OF GUAM
FEB 26 2004
MARY L. M. MORAN
CLERK OF COURT

# United States District Court

| | |
|---|---|
| District | District of Guam |
| Name | Alexander Blanco Kitano |
| Prisoner No. | 80362-011 |
| Docket No. | 04-00007 |

**Place of Confinement**
United States Federal Penitentiary
P. O. Box 1000
Lewisburg, Pennsylvania 17837-1000

**Name of Petitioner** (include name upon which convicted)

Alexander Blanco Kitano, pro se,

**Name of Respondent** (authorized person having custody of petitioner)

V.  Frank Ishizaki, Director, Department of Corrections; et al.

The Attorney General of the State of:
Douglas B. Moylan, Attorney General for the Territory of Guam.

## PETITION

1. Name and location of court which entered the judgment of conviction under attack __Superior Court of Guam, Guam Judicial Center, 120 West O'Brien Dr., Hagatna, Guam 96910.__

2. Date of judgment of conviction __June 26, 1987 (Criminal Case No. 120F-87).__

3. Length of sentence __Life Imprisonment (w/the possibility of parole).__

4. Nature of offense involved (all counts) __Murder (In the 1st Degree).__

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   Please see attached Statement of the Case herein.

6. Kind of trial: (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☐

ORIGINAL

9. If you did appeal, answer the following:

   (a) Name of court __N/A__

   (b) Result __N/A__

   (c) Date of result __N/A__

   (d) Grounds raised __N/A__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __In the Superior Court of Guam.__

    (2) Nature of proceeding __An evidentiary hearing pursuant to Title 28 U.S.C. §2254 (motion to set aside, correct or vacate).__

    (3) Grounds raised __Guilty plea was made involuntary based on conditions and treatment at the Guam Department of Corrections Facility.__

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☒ No ☐

    (5) Result __Relief was denied.__

    (6) Date of result __October 7, 1994.__

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court __N/A__

    (2) Nature of proceeding __N/A__

(3)

    (3) Grounds raised   **N/A**

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☐

    (5) Result   **N/A**

    (6) Date of result   **N/A**

  (c) As to any third petition, application or motion, give the same information:
    (1) Name of court   **N/A**

    (2) Nature of proceeding   **N/A**

    (3) Grounds raised   **N/A**

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☐

    (5) Result   **N/A**

    (6) Date of result   **N/A**

  (d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.      Yes ☐   No ☒
    (2) Second petition, etc.    Yes ☐   No ☐
    (3) Third petition, etc.     Yes ☐   No ☐

  (e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    **Petitioner was given erroneous and faulty legal advise from counsel representing him at evidentiary hearing (name unknown) in appealing the denial.**

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: __Failure to be returned to Guam for all subsequent parole board proceedings and hearings held at Tiyan, Guam.__

Supporting FACTS (tell your story *briefly* without citing cases or law): __Subsequent Guam Department of Corrections directors Angel Sablan (former) and Frank Ishizaki (present), respectively, and the Attorney General's office (i.e., Douglas B. Moylan and Tricia Ada) have failed to insure petitioner's return, prior and thereafter his initial parole eligibility date on February 8, 2002 for all parole proceedings and hearings held, absent petitioner's presence, by the Guam Territorial Parole Board on February 22, 2002 and June 25, 2003, respectively, at Tiyan, Guam.__

B. Ground two: __Failure to be permitted to personally appear and present documentary support at all parole board proceedings and hearings held at Tiyan, Guam.__

Supporting FACTS (tell your story *briefly* without citing cases or law): __Subsequent Territorial Parole Board quorums: Former chairperson Francisca V. Santos and former members Jesus Rivera and Punzalan Eustaquio on February 22, 2002; and present chairperson Francisco L. Marion and present members Edward T. Flores and Jose Q. Salas, on June 25, 2003, respectively, have held parole board proceedings and hearings without petitioner's presence and opportunity to present documentary support in those hearings, supra, held at Tiyan, Guam.__

(5)

C. Ground three: __Failure to properly apply statutorily mandated criteria in determining petitioner's eligibility for release on parole.__

Supporting FACTS (tell your story *briefly* without citing cases or law): __Territorial Parole Board quorums: former chairperson Francisca V. Santos and former members Jesus Rivera and Punzalan Eustaquio; and present chairperson Francisco L. Marion and members Edward T. Flores and Jose Q. Salas, respectively, have failed to properly apply statutorily mandated criteria and factors of Guam statutes in determining petitioner's eligibility for release on parole, absent his presence, on February 22, 2002 and June 25, 2003 parole hearings, respectively, held at Tiyan, Guam.__

D. Ground four __Failure to adequately explain its reasons and provide petitioner with a written statement for denying him release on parole.__

Supporting FACTS (tell your story *briefly* without citing cases or law): __Territorial Parole Board quorums: former chairperson Francisca V. Santos and former members Jesus Rivera and Punzalan Eustaquio; and present chairperson Francisco L. Marion and members Edward T. Flores and Jose Q. Salas, respectively, have also failed to provide an adequate written explanation and reasons for denying petitioner release on parole, absent his presence, on parole board hearings held on February 22, 2002 and June 25, 2003, respectively, at Tiyan, Guam (i.e., what petitioner fell short of qualifying for release on parole).__

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

__Petitioner is seeking a determination of the applicability and execution of the parole proceedings, supra, that were subsequently used to deny petitioner parole on February 22, 2002 and June 25, 2003, respectively, by the Guam Territorial Parole Board at Tiyan, Guam.__

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing __N/A__

(b) At arraignment and plea __N/A__

(6)

(c) At trial  N/A

(d) At sentencing  Pablo Aglubat, Esq. at guilty plea sentencing of 120F-87.

(e) On appeal  N/A

(f) In any post-conviction proceeding  David Highsmith, Court appointed.

(g) On appeal from any adverse ruling in a post-conviction proceeding  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
   (a) If so, give name and location of court which imposed sentence to be served in the future:  N/A

   (b) Give date and length of the above sentence:  N/A

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

N/A
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

2-11-04
(date)

[signature]
Signature of Petitioner

(7)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Instructions—Read Carefully*

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form DC 12, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your personal account exceeds $_____, you must pay the filing fee as required by the rule of the district court.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is **District Court of Guam**
**4th Floor, U. S. Courthouse**
**520 West Soledad Avenue**
**Hagatna, Guam 96910**

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| Alexander Blanco Kitano, pro se,<br>Prison Reg. No. 80362-011,<br>United States Penitentiary<br>P. O. Box 1000<br>Lewisburg, PA 17837-1000,<br>      PETITIONER,<br><br>  Vs.<br><br>Frank Ishizaki, Director,<br>Department of Corrections; et al.,<br>      RESPONDENT. | Case No._____ |

## PETITION FOR A WRIT OF HABEAS CORPUS

      PETITIONER Alexander Blanco Kitano, pro se, Prison Registration No. 80362-011, pursuant to 28 U.S.C. §2254 seeks a Writ of Habeas Corpus and states:

1.     Petitioner is presently incarcerated at the United States Federal Penitentiary in Lewisburg Pennsylvania (USP Lewisburg) pursuant to a guilty plea-agreement, Criminal Case No.120F-87 and 18 U.S.C. §5003, contract of state offenders. Please see attached copy of plea agreement, Criminal Case No. 120F-87 herein.

1.

2.  Petitioner was originally charged and convicted, by jury trial, of 1st Degree Robbery and Possession of a Deadly Weapon During the Commission of A Felony in the Superior Court of Guam and was sentenced to a mandatory term of fifteen (15) years by the Hon. Judge Paul J. Abbate on May 22, 1987; Criminal Case No. 11F-87. Please see attached copy herein. This case was subsequently dismissed on October 10, 1990; attached copy enclosed of Dismissal Order per 11F-87.

3.  Petitioner was involved in the murder of a correctional officer at the Department of Corrections' facility in Mangilao, Guam. And on June 29, 1987 petitioner entered a plea of guilty and was sentenced to a term of life imprisonment; Criminal Case No. 120F-87. Said sentence was to run cuncurrent with 11F-87. Please see attached copy of Judgment Order, 120F-87.

4.  Petitioner was initially eligible for the possibility of parole on February 8, 2002. Petitioner has been denied release on parole on February 23, 2002 and June 25, 2003, respectively, by the Guam Territorial Parole Board, absent his presence, at Tiyan, Guam. Please see attached copies of Order of the Board notice of actions.

5.  Petitioner has made numerous attempts at trying to acquire all available remedies in appealing those denials and the procedures used at those parole hearings to no avail. Please see attached copies of written requests to Guam authorities.

6.  Petitioner believes he has made all available attempts with the doctrine of exhaustion of state and federal remedies as to the prerequisite to a federal habeas corpus in the following manner:

   a.)  Petitioner has made documented written requests to the Director of the Department of Corrections; Parole Services Division; Chairperson of the Territorial Parole Board; the Compiler of Law and the Attorney General's Offices; and to the Superior Court of Guam Clerk of the Clerks, requesting to appeal the denials and procedures used and rendered by the Guam Territorial Parole Board at Tiyan, Guam. Please see attached copies of all written requests made to Guam authorities.

2.

    b.)    Petitioner has exhausted all available federal remedies within the Federal Bureau of Prisons at USP, Lewisburg. Please see attached copies of BP-8, 9, 10, & 11 complaints.

6.   Petitioner is imprisoned pursuant to an illegal and void execution of his parole board hearing resulting in the denial of procedural and substantive due process of law for the following reasons:

    i.)    Guam authorities and the Guam Territorial Parole Board have failed to return petitioner to the geographical jurisdiction, prior to his initial parole eligibility date on February 8, 2002 before a Guam Territorial Parole Board;

    ii.)   Guam authorities and the Guam Territorial Parole Board have failed to allow petitioner to personally appear and present documentary support at all parole board hearings held, absent his presence, on February 23, 2002 and June 25, 2003, respectively at Tiyan, Guam;

    iii.) Guam authorities and the Guam Territorial Parole Board have failed to properly apply statutorily mandated criteria and governing standards in determining petitioner's eligibility for release on parole at all parole board hearings held, absent his presence, on February 23, 2002 and June 25, 2003, respectively, at Tiyan, Guam;

    iv.)  Guam authorities and the Guam Territorial Parole Board have failed to adequately explain its reasons and provide petitioner with a written explanation, prior and thereafter all parole board hearings held, absent his presence, on February 23, 2002 and June 25, 2003, respectively, at Tiyan, Guam;

    v.)    Guam authorities and the Guam Territorial Parole Board have failed to provide petitioner access to the Guam Department of Corrections and Board files, records and proceedings, prior and thereafter, of all parole board hearings held, absent his presence, on February 23, 2002 and June 25, 2003, respectively, at Tiyan, Guam;

    vi.)  And finally, Guam authorities from the Compiler of Law and the Attorney General's Office have failed to adequately assist and furnish petitioner with Guam law books and pertinent

3.

rules, regulations and laws in respect to parole matters and issues to adequate access to the courts for redress as in the instance herein.

7. Petitioner is imprisoned pursuant to an illegal and void execution of his parole board proceedings resulting in the denial of procedural and substantive due process of law of the Fourteenth Amendment and First Amendment to the United States Constitution for the reasons stated herein and those set forth in the Brief In Support of the Petition for a Writ of Habeas Corpus, Affidavit and the Exhibits attached hereto, all of which are incorporated by reference herein.

WHEREFORE, petitioner respectfully requests this Honorable Court:

A.) That RESPONDENT(S) be required to appear and answer to the allegations of this petition.

B.) That petitioner be returned to the geographical jurisdiction of a Guam Territorial Parole Board.

C.) That petitioner be granted to personally appear and present documentary support on his behalf before a Guam Territorial Parole Board.

D.) That petitioner be given ample time of sixty (60) days prior to a parole hearing so he may adequately prepare and make a full representation before a Guam Territorial Parole Board.

E.) That petitioner be allowed to consult at his own desire with whom he wishes to act as a representative and meet with family members prior to a parole hearing so he may also have adequate testimonies on his behalf before a Guam Territorial Parole Board.

F.) That petitioner be provided with a written statement of reasons, if, denied release on parole and what he fell short of qualifying for release on parole, from the Guam Territorial Parole Board.

G.) That petitioner be furnished Guam law books and a complete rules and regulations pertinent to parole issues and other relevant provisions in respect to matters herein.

4.

H.) That after full consideration this Honorable Court also relief petitioner of his illegal and void execution of the Guam Territorial Parole Board Order of the Board notice of actions denials issued on February 23, 2002 and June 25, 2003, respectively, absent his presence, at Tiyan, Guam, by issuing a Writ of Habeas Corpus and grant petitioner a parole board hearing.

I.) And the this Honorable Court may grant such other, further and different relief as it may deem just and proper.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on date of 02-11-04.

Respectfully submitted,

Alexander Blanco Kitano, pro se,
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA 17837-1000

nef.abk04.

5.

Case 1:04-cv-00007   Document 1   Filed 02/26/2004   Page 12 of 12