IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

Alexander Blanco Kitano, pro se,   /
            PETITIONER,     /
                     /
    Vs.                   /
                     /
Frank Ishizaki, Director,    /
Department of Corrections; et al.,  /
            RESPONDENT.    /

Case No. **04-00007**

```
┌─────────────────────────────┐
│           FILED             │
│  DISTRICT COURT OF GUAM     │
│                             │
│        FEB 26 2004          │
│                             │
│    MARY L. M. MORAN         │
│    CLERK OF COURT           │
└─────────────────────────────┘
```

BRIEF IN SUPPORT OF PETITION FOR WRIT

OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Alexander Blanco Kitano
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA 17837-1000

ORIGINAL

i.

## TABLE OF CONTENTS

Brief In Support of Petition For Writ of Habeas Corpus.................i

Table of Contents....................................................ii

Table of Citations..................................................iii

Statement of the Issues Presented....................................1.

Statement of the Case.............................................2, 3.

Summary of the Arguments........................................4, 5, 6.

Conclusion.......................................................5, 6.

Prayer for Relief...................................................6.

ii.

# TABLE OF CITATIONS

## Statutes:

Title 9 Guam Code Annotated §80.76(a) and (b)................5.

Title 18 U.S.C. §5003......................................4.

Fourteenth Amendment United States Constitution..............4, 5.

## Cases:

Bermudez v. Duenas, 936 F.2d 1064 (9th Cir./1991).............5.

Board of Pardons v. Allen, 482 US 369, 96 L.Ed 2d 303, 107 S.Ct 2415 ....5.

Bowles v. Tenant, 613 F.2d 776 (9th Cir./1980)................5.

Armstrong v. Manzo, 380 US 545, 14 L.Ed 2d 62, 85 S.Ct 1187..........5.

Dent v. West Virginia, 129 US 114, 123, 32 L.Ed 623, 9 S.Ct 231........4.

Hoitt v. Vitek, D.C.N.H. 1973, 361 F. Supp. 1238 (aff'd.)............4.

Greenholtz v. Neb. Penal Inmates, 442 US 1, 60 L.Ed 2d 668, 99 S.Ct 2100....4.

K. Davis, Discretionary Justice................................5.

Mullane v. C. Hanover Bank & Trust Co., 339 US 306, 70 S.Ct..........5.

iii.

## STATEMENT OF THE ISSUES PRESENTED

1.   WHETHER failure to return petitioner to the geographical juris-
diction of a Guam Territorial Parole Board upon his February 8,
2002 parole eligibility date for a parole hearing meet territorial
and federal statutes, in respect to parole hearing requirements
under procedural and substantive due process of law of the Four-
teenth Amendment to the U. S. Constitution?

2.   WHETHER failure to permit petitioner to personally appear and pre-
sent documentary support at parole board hearings held on February
23, 2002 and June 25, 2003, respectively, at Tiyan, Guam meet ter-
ritorial and federal statutes, in respect to parole hearing pro-
ceedings requirements, under procedural and substantive due pro-
cess of law of the Fourteenth Amendment to the U.S. Constitution?

3.   WHETHER failure to properly apply statutorily mandated criteria in
determining petitioner's eligibility for release on parole without
his presence at parole board hearings held on February 23, 2002 and
June 25, 2003, respectively, at Tiyan, Guam meet territorial and
federal statutes, in respect to parole hearing proceedings require-
ments, under procedural and substantive due process of law of the
Fourteenth Amendment to the U. S. Constitution?

4.   WHETHER failure to adequately provide petitioner with a written
statement and its reasons for denying him release on parole, ab-
sent his presence, meet territorial and federal statutes, in re-
spect to parole hearing proceedings requirements, under procedu-
ral and substantive due process of law of the Fourteenth Amend-
ment to the U. S. Constitution?

1.

## STATEMENT OF THE CASE

PETITIONER was originally sentenced to the Guam Department of Corrections Facility in Mangilao, Guam to a mandatory fifteen (15) year sentence for 1st Degree Robbery and Possession of a Deadly Weapon During the Commission of a Felony, Criminal Case No. 11F-87. Petitioner was found guilty by jury trial and was sentenced by the Honorable Judge Paul J. Abbate on May 27, 1987. Please see attached copy of Judgment Order on 11F-87 and also attached is the Dismissal Order issued on October 10, 1990. Subsequently, petitioner was involved in the murder of a correctional officer and on June 26, 1987 petitioner entered a guilty plea of 1st Degree Murder and was sentenced by Judge Abbate to life-imprisonment, with the possibility of parole after serving a minimum term of fifteen (15) years, Criminal Case No. 120F-87. Please see attached copy of Judgment Order on 120F-87. As part of the terms of his guilty plea agreement, petitioner also agreed to testify against two other co-defendants and be sent to an off-island facility. Petitioner was transferred to the Federal Bureau of Prisons on or about August of 1987. Petitioner has made an effort in obtaining a copy of the contract agreement pursuant to Title 18 U.S.C §5003 to no avail.

Petitioner was returned to Guam on or about September of 1987 in the murder trial of People v. Ibanez; and on or about September of 1988 as well in the murder trial of People v. Leon Guerrero. Petitioner at both times testified truthfully and completed his end of the agreement. Petitioner was immediately transferred back to the Federal Bureau of Prisons thereafter.

Petitioner filed a petition for a writ of habeas corpus under Title 28 U.S.C. §2254 to have his guilty plea set aside, corrected or vacated based on his treatment while at the Department of Corrections facility. Petitioner was returned to the Department of Corrections for an evidentiary hearing in the Superior Court of Guam to decide and hear the merits of the complaint before Hon. Judge Janet H. Weeks. Upon the conclusion of that hearing, petitioner was returned to the Federal Bureau of Prisons thereafter closing arguments of the hearing.

On October 7, 1994, relief was denied by the Hon. Judge Janet H. Weeks, Superior Court of Guam, Presiding. A copy of this opinion and decision was mailed to petitioner. No appeal was filed.

On February 8, 2002, petitioner became initially eligible for the possibility of parole. Petitioner was sent an application questionnaire to be filled out and returned to the Parole Services Division authorities, prior to initial date, supra. On February 22, 2002, the Guam Territorial Parole Board denied petitioner release on parole. Aside from family members present at the parole board hearing, petitioner was not present. A notice of action [i.e., Order of the Board, dated February 22, 2002.] was received at USP, Lewisburg thereafter. Please see attached copy of Order of the Board, dated February 22, 2002 herein.

Petitioner was again eligible to be considered for the possibility of parole on February 23, 2003, in accordance to Guam Parole Laws and Issues, please see attached portion of this pamphlet mailed to petitioner from Guam authorities. On June 25, 2003, subsequent Guam Territorial Parole Board denied petitioner release on parole without any notice to him or family members wishing to speak on his behalf. Petitioner was also informed, via telephone link, that this meeting occurred "behind closed doors". Please see attached Affidavit. Furthermore, the Guam Territorial Parole Board claims that petitioner was present in their assessments and determination to rendered a denial of petitioner's release on parole. Please see attached Order of the Board, dated June 25, 2003, copy herein. Petitioner challenges that claim.

Petitioner believes he has made all reasonable attempts at seeking to appeal the denials of his release on parole decisions given by subsequent Guam Territorial Parole Boards and with authorities in the Federal Bureau of Prisons. Please see attached copies of all written requests made to Guam authorities and procedural grievances complaints made to the Federal Bureau of Prisons herein.

Peitioner also believes that he has completed all required prerequisites under the doctrine of exhausting state and federal remedies, in respect to parole matters herein, before petitioning this Court for a Writ of Habeas Corpus.

3.

I.    **Failure to be returned to Guam for all parole board hearings held on February 23, 2002 and June 25, 2003, respectively, by the Guam Territorial Parole Board at Tiyan, Guam.**

Petitioner asserts that he is entitled to be returned to the Territory of Guam prior to becoming eligible for parole on February 8, 2002. Title 18 U.S.C. §5003, clearly implies that, "State prison inmate who has been transferred to federal institution in another state must be returned to state prison for all parole hearings and for all legal proceedings..." 14th Amendment, U.S. Constitution; Hoitt v. Vitek, D.C.N.H. 1973, 361 F. Supp. 1238, affirmed 495 F.2d 219, affirmed 497 F.2d 598.

II.   **Failure to be permitted to appear and present documentary support at all parole board hearings held on February 23, 2002 and June 25, 2003, respectively, by the Guam Territorial Parole Board at Tiyan, Guam.**

Petitioner is not asserting that he is entitled to release on parole upon completing the mandatory term of fifteen (15) years of his life sentence. "[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Nebraska Penal Inmates, 442 US 1, 60 L. Ed 2d 668, 99 S. Ct 2100 (1979). Petitioner, however, is entitled under the dictum of Greenholtz and the terms of his eligibility for release on parole to be fairly and fully considered under Guam statutes and procedural due process of law safeguards of the Fourteenth Amendment. "[For] the touchstone of due process is protection of the individual against arbitrary action of government." Dent v. West Virginia, 129 US 114, 123, 32 L. Ed 623, 9 S. Ct 231 (1899).

III.  **Failure to properly apply statutorily mandated criteria in determining parole eligibility for release on parole at all parole board hearings held on February 22, 2002 and June 25, 2003, respectively, by the Guam Territorial Parole Board at Tiyan, Guam.**

Petitioner asserts that the procedures used by the Guam Territorial Parole Board to deny petitioner parole from **"an empty chair theory"** clearly indicates that applications of territorial statutes went unnoticed

4.

and ignored to test its impermissable reasons for denying petitioner of this fundamental right to be fairly considered for release on parole in the first instance. In Board of Pardons v. Allen, 482 US 369, 96 L.Ed 2d 303, 107 S.Ct 2415 (1987), the United States Supreme Court affirmed that, **"By using the word "shall"," it mandates parole unless the Board determines that one or more enumerated reasons exist which would make parole unwise in the given case."** Cf. Title 9 Guam Code Annotated, §80.76(a) and (b), Standards Governing Release on Parole; Bermudez v. Duenas, 936 F.2d 1064 (9th Circuit/1991. No such determination was made by subsequent Guam Territorial Parole Boards.

**IV.  Failure to adequately explain its reasons and provide a written statement of denials made on February 23, 2002 and June 25, 2003, respectively, by the Guam territorial Parole Board at Tiyan, Guam.**

Petitioner also asserts that although many courts still recognize the broad discretion vested in the paroling authority, courts have held that something more than a general reason[s] for the denial of parole is required. Bowles v. Tenant, 613 F.2d 776 (9th Circuit/1980). **For " '[O]ne can imagine nothing more cruel, inhuman and frustrating than serving a prison term without knowledge of what will be measured and the rules determining whether one is ready for release.' "** K. Dvais, Discretionary Justice: A Preliminary Inquiry 132 (1969).

## CONCLUSION

Essential to the concept of due process of law is the right of an individual to have **"an opportunity...granted at a meaningful time and in a meaningful manner'**, Armstrong v. Manzo, 380 US 545, 14 L.Ed 2d 62, 85 S.Ct 1187 (1965), **"for [a] hearing appropriate to the nature of the case."** Mullane v. Central Hanover Bank & Trust Co., 339 US 306, 70 S.Ct (1950). And the United States Supreme Court has repeatedly affirmed that one of the fundamental rights within the due process clause of the Fourteenth Amendment is also the right of access to the courts. Petitioner has demonstrated that the RESPONDENT(S) have willfully acted outside their

own rules, regulations and laws of the Organic Act of Guam and their actions have denied petitioner a full and meaningful parole hearing through no fault of his.

## PRAYER FOR RELIEF

WHEREFORE for all the foregoing reasons and causes shown herein and above, the PETITIONER prays this Court rules that he has in fact had no adequate or constitutional parole board hearing.

Furthermore, petitioner prays also that this Court order the Guam Department of Corrections, Guam Territorial Parole Board and the Guam Attorney General's Office take immediate steps to have petitioner returned to the geographical jurisdiction of the Guam Territorial Parole Board and that the Guam Territorial Parole Board give this petitioner a full and meaningful parole board hearing as required. And lastly, for all other relief this Honorable Court may deem to be in the interest of justice and for all such relief petitioner shall ever pray.

02 - 11- 04
_____
(Dated)

Respectfully, submitted,

_____

Alexander Blanco Kitano, pro se,
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA 17837-1000

nef.abk04

6.

JUDGMENT OF CRIMINAL CASE NO. 11F-87 AND
DISMISSAL ORDER ON CRIMINAL CASE NO. 11F-87;

JUDGMENT ON CRIMINAL CASE NO. 120F-87.

July 16, 1977

[illegible address block]
[illegible]
[illegible]
[illegible]
Social Services, Fifteen
U.S. Department of Justice
900 Market Street, Fourth Floor
Sacramento, California        95002

Dear Mr. Williford:

We are herewith filing the confinement documents and case history of
three sentenced prisoners for whom we would like to request acceptance
into your prison system.

In closing, the fact that we do not have an adequate maximum security unit
[illegible] at this juncture we are not able to continue their incarceration
in our [illegible].

We appreciate all the assistance you and your staff have given us in the
past and are looking forward to an early reply.

Sincerely,

Original signed by
[illegible]
[illegible]

Case 1:04-cv-00007    Document 3    Filed 02/26/2004    Page 12 of 75

Ph 011-671-734-3781

# GUAM DEPARTMENT OF CORRECTIONS
## COMPUTATION SHEET

Name: KITANO, ALEXANDER BLANCO    Soc. Sec. No.: 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    DOB: 2/14/64    Date Admitted: 4/27/87    Aggregate Sentence: LIFE W/PAROLE

Parole Computation: 2/3 of 15 = 10 yrs.    GTA per Month: n/a days    Pre-Sentence Credit:
Fr.: 1/10/87  To: 3/27/87 = 77days (Rosario Detent)
Fr.: 4/27/87  To: 5/21/87 = 25days (Receivr)
Fr.:  To:  =

Special Parole: YES X NO  Years: 6yrs.    Mandatory Sentence: Yes  No  Years:

| Criminal Case No. | Offense | Sentence | Computed Time From | To | Actual Time Served Yrs. | Mos. | Days | Good-Time Allowance Yrs. | Mos. | Days | Fine Allowance | Total Time Credited Yrs. | Mos. | Days | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| -87 | 1) ROBBERY (1st Degree Fel) POSSESSION AND USE OF A DEADLY WEAPON IN THE COMMISSION OF A FELONY | 10 years 5 years | 1/10/87 4/27/87 | 3/27/87 5/21/87 | | | 77 25 | | | | | | | 77 25 | *Both sentences are to be served consecutively. |
| 20F-87 | 2) Murder (1st DegreeFel) | Life Imprisonment | 5/22/87 | 6/8/87 | | | 18 | | | | | | | 102 or 12 18 | |
| | | | 6/9/87 | 2/8/88 | | 8 | | | 5 | | | 1 9 | 4 8 | | |
| | | | 2/9/88 | 2/8/97 | 9 | | | | | | | 10 | | | |
| | | | 2/9/97 | 2/8/2002 | 5 | | | | | | | 5 | 5 | | |
| | | | | 2/8/2002 | | | | | | | | 15 | | | |

Note: Inmate is to be placed on six(6) years Special Parole after completion of sentence.
Inmates case #11f-87 and #120f-87 are to be served concurrently and that inmate is eligible for Parole in fifteen (15) years.

PAROLE ELIGIBILITY DATE

NO FULL TIME RELEASE DATE

Gloria Bordallo
CSI Leona Bordallo
Computed by    Date    June 12, 1987
S.N. Chargualaf, CSD Supervisor
Verified    Date    6-17-87

IN THE SUPERIOR COURT OF GUAM

TERRITORY OF GUAM

'FILED'

8 41 AM '87

SUPERIOR COURT
OF GUAM

PEOPLE OF THE TERRITORY OF GUAM   ) S. C. CRIMINAL CASE NO. 120F-87
)
vs.             ) Charge(s):
)
ALEXANDER BLANCO KITANO,     )
)    MURDER (As a 1st Degree Felony)
Defendant(s).)
)

## J U D G M E N T

On the 26th day of June 19 87 came the attorney
for the government and the defendant(s) appeared in person with
PABLO AGLUBAT     counsel, and the defendant(s) entered a plea
of guilty of the offense(s) of MURDER (As a 1st Degree Felony).
The plea if based upon the plea agreement filed herein.

The court informed the defendant(s) of the effect of
the plea entered and asked him whether he insist on his plea
or not.

The defendant(s) persisted on his plea of guilty of
the offense(s) of MURDER (As a 1st Degree Felony).

The court then addressed the defendant(s) personally
and found that the plea is made voluntarily with an understanding
of the nature of the charge(s) and consequences of his plea.

The court accepts defendant(s) plea of his and based
on his plea, judgment will be entered.

WHEREFORE, IT IS HEREBY ORDERED that for the offense of
MURDER (As a 1st Degree Felony), the defendant is sentenced to serve life

imprisonment. Said sentence is to run concurrent with the sentence he is now serving under Criminal Case No. 11F-87. The defendant is eligible for parole after serving (15) years imprisonment.

The defendant is to serve his sentence in an off island correctional facility. The defendant is hereby placed under the custody of the Attorney General's Office until such time he is ready to be sent off island to serve his sentence.

SO ORDERED this 30th day of June, 1987.

PAUL D. ABBATE, Presiding Judge
Superior Court of Guam

Received for Service

3.42 P M DOC

7-1- 87

K. ats...n, ...per of Court
Guam

attys served through Box

IN THE SUPERIOR COURT OF GUAM

TERRITORY OF GUAM

PEOPLE OF THE TERRITORY OF GUAM )  S. C. CRIMINAL CASE NO. SUF-87
                                 )
                                 )     CHARGES:
                                 )
              vs.                )     1. ROBBERY (1st Degree Felony)
                                 )
ALEXANDER JESUS BLANCO KITANO,   )     2. POSSESSION AND USE OF A DEADLY
                                 )        WEAPON IN THE COMMISSION OF A FELONY
                                 )
              Defendant.         )
_____)

## J U D G M E N T

WHEREAS, on the 22nd day of January, 1987, the government
filed an indictment charging said defendant with (1) ROBBERY (1st Degree Felony)
and (2) POSSESSION AND USE OF A DEADLY WEAPON IN THE COMMISSION OF A FELONY,
committed on or about the 9th day of January, 1987 in the Territory of Guam
and said defendant on arraignment pleaded not guilty and demanded a jury trial;

WHEREAS, on the 20th, 21st, 22nd, 23rd, 24th, 25th and the 27th day
of April, 1987, the jury having been impaneled and the trial having been
regularly had and by the verdict of the jury on the 27th day of April, 1987,
found the defendant guilty of the offense of (1) ROBBERY (1st Degree Felony)
and (2) POSSESSION AND USE OF A DEADLY WEAPON IN THE COMMISSION OF A FELONY.

WHEREAS, on the 22nd day of May, 1987, the defendant ALEXANDER JESUS
BLANO KITANO, appeared for sentencing, represented by his attorney Pablo
Aglubat; Margaret Bean, Assistant Attorney General, appearing for the government.

WHEREAS, IT IS HEREBY ORDERED that for the offense of ROBBERY
(1st Degree Felony), the defendant is sentenced to serve ten (10) years
confinement at the Guam Penitentiary plus (3) years special parole and for



Case 1:04-cv-00007     Document 3     Filed 02/26/2004     Page 15 of 75

the offense of POSSESSION AND USE OF A DEADLY WEAPON IN THE COMMISSION
OF A FELONY, the defendant is to serve five (5) years plus (3) years special
people. Said sentence is to run consecutive. Pretrial confinement is credited.

Bail is hereby exonerated.

The defendant was further advised that he has the right to appeal
the judgment of the court, and is unable to pay the cost of appeal, to apply
for leave in forma pauperis. He was further advised that he could request
the clerk of the court to prepare and file forthwith a notice of appeal on
his behalf.

SO ORDERED this 22nd day of May, 1987.

PAUL J. ABBATE, Presiding Judge
Superior Court of Guam

Received for Service

10      A.M   DOC

5/26/87

Marshall Superior Court
Guam

IN THE SUPERIOR COURT OF GUAM
TERRITORY OF GUAM

FILED
Oct 10   1 20 PM '90
SUPERIOR COURT
OF GUAM

PEOPLE OF THE TERRITORY OF GUAM ) CRIMINAL CASE NO. CF0011-88
                                 )
              vs.                )
                                 )
ALEXANDER BLANCO KITANO,         ) MOTION AND ORDER FOR DISMISSAL
                                 ) WITH PREJUDICE
                  Defendant.     )
---------------------------------)

RECEIVED
OCT 04 1990
SUPERIOR COURT
OF GUAM

ATTORNEY GENERAL'S OFFICE – Prosecution Division
Suite 212A, Julale Center
424 West O'Brien Drive
Agana, Guam 96910
Tel: 477-7831/2/3/4

        Comes now the Government of Guam, by and through Elizabeth
Barrett-Anderson, Attorney General, and respectfully moves this
Honorable Court, pursuant to section 80.70(a) of the Criminal
Procedure Code of Guam, to dismiss with prejudice the
above-captioned case filed on January 12, 1987, with respect to
the above-named defendant for the reason that defendant is
currently serving a sentence of life imprisonment after
pleading guilty to a charge of murder in Criminal Case No.
CF120-87. (Sentence imposed on June 30, 1987.)
        Dated this 28th day of September, 1990.

                              ELIZABETH BARRETT-ANDERSON
                              Attorney General

                        By: _____
                              JOHN N. GLANG
                              Assistant Attorney General


                        O R D E R

        The motion of the Government of Guam to dismiss with
prejudice the above-captioned case against the defendant is
granted.
        Dated: _October 10 1990_

                              _____
                              JUDGE, SUPERIOR COURT OF GUAM

AFFIDAVIT AND COPY OF PROGRESS REPORT ISSUED AND
COMPILED BY PETITIONER'S MOTHER AND UNIT TEAM, RESPECTIVELY.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

HAGATNA - GUAM

## AFFIDAVIT OF:

### MARIA ROSA BLANCO CRUZ

### P. O. BOX 1351 HAGATNA, GUAM 96932

I, **Maria Rosa Blanco Cruz,** first being duly sworn according to law, deposes and state:

1. My true name is Maria Rosa Blanco Cruz;

2. My present legal mailing address is: P.O. Box 1351 Hagatna, Guam 96932;

3. I am the mother of Alexander Blanco Kitano, 39-years of age, and is presently incarcerated at the United States Federal Penitentiary at Lewisburg, Pennsylvania: P.O. Box 1000 Lewisburg, PA 17837;

4. On February 22, 2002, I was present at the initial parole hearing and spoke on behalf of my son. Present before me were: Francisca V. Santos, Chairperson, and members Jesus Rivera and Punzalan Eustaquio, an establishe quorum for the Guam Territorial Parole Board, at Tiyan, Guam.

5. On February 22, 2002 I was informed·that the above board quorum had denied my son release on parole.

6. On June 26, 2003, I was informed by Donna M. Cruz, Parole Officer I, from the Parole Services Division, Department of Corrections at Mangilao, Guam,that a parole hearing was held at Tiyan, Guam and that the newly appointed parole board quorum had denied my son release on parole on June 25, 2003.

7. I was informed prior to the June 25, 2003 parole board hearing by agent Cruz that I would be allowed to appear and speak on behalf of son. Instead, the parole hearing was held a day in advanced without notice of it.

8.  I have read this affidavit and all statements herein are true and correct to the best of my knowledge and belief.

9.  Further this affiant sayeth naught.


Sworn and subscribed this ___9___ day of __Oct _ 9 _ __, 2003 under the pains and penalty of perjury by,

_Maria Rosa Blanco Cruz_
Maria Rosa Blanco Cruz
P. O. Box 1351
Hagatna, Guam 96932




ON THIS ___9th___ day of __October___, 2003, before me, the undersigned, a Notary Public in and for the Territory of Guam, personally appeared MARIA ROSA B. CRUZ, known to me to be the person whose name is subscribed to the Affidavit and acknowledged that she executed the same.

WITNESS, MY HAND AND SEAL.

_Barbara L. Lujan_
NOTARY PUBLIC
IN AND FOR GUAM
MY COMMISSION EXPIRES: June 6, 2005

```
BARBARA L. LUJAN
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: June 6, 2005
415 Chalan San Antonio #210
Tamuning, GU 96913
```

## PROGRESS REPORT

United States Penitentiary
PO Box 1000, Lewisburg, PA 17837
(717)523-1251
**INSTITUTION**

**DATE:** February 27, 2003

**Inmate Reviewed:**

_____       3/01/03       _____
Inmate's Signature                Date              Staff Signature

---

**1. Type of Progress Report:**

Initial:_____  Statutory Interim:_____  Pre-Release:_____
Transfer:_____  Triennial:_____  Other (specify):___Parole Hearing_____

---

| **2. Name** KITANO, Alexander | **3. Register Number** 80362-011 | **4. Age (DOB)** 39 (02-14-1964) |
|---|---|---|

**5. Present Security/Custody Level:** High/IN

**6. Offense/Violator Offense**
Murder (First Degree) Guam Code Sentence

**7. Sentence**
Life (Territory of Guam)

| **8. Sentence Began** 06-30-1987 | **9. Months Served + Jail Credit** 186 + 141 days JTC | **10. Days GCT/or EGT/SGT** -0- |
|---|---|---|
| **11. Days FSGT/WSGT/DGCT** 54 days DGCT | **12. Projected Release** Life Sentence | **13. Last USPC Action** February 22, 2002 |

**14. Detainers/Pending Charges**
None

**15. Codefendants:** Refer to PSI.

---

**Distribution: Inmate File**
    U.S. Probation Office
    Parole Commission Regional Office (If applicable)
    Inmate

**BP-CLASS-3**

1

## PROGRESS REPORT - CONTINUED

**Committed Name:** KITANO, Alexander **Reg. No.** 80362-011 **Date** February 27, 2003

### INSTITUTIONAL ADJUSTMENT

The last Progress Report prepared regarding inmate Kitano was dated February 5, 2002, and was completed at USP, Lewisburg, Pennsylvania. This report indicated that he consistently received above average work performance evaluations from his supervisors. Although inmate Kitano has an extensive history of receiving disciplinary infractions, he has maintained clear institutional conduct for a period of 14 months. Educationally, he has completed GED requirements, and several college courses. Currently, inmate Kitano's adjustment to incarceration is considered better than average.

**Program Plan:** At inmate Kitano's initial classification and subsequent program reviews, the Unit Team recommended he participate in the following programs: GED Class, Psychology Groups, Heating/Ventilation/Air Conditioning, the C.O.D.E. Program, leisure time activities, the Inmate Financial Responsibility Program, Adult Continuing Education Courses, and the Release Preparation Program.

**Work Assignments:** A review of his inmate history work detail assignments revealed that his current work detail assignment is Unit Orderly. He began this assignment on July 28, 2001, and remains there to date. He has also maintained former work detail assignments with Mechanical Services, the UNICOR Factory, Recreation Department, and Food Service. The most recent work performance rating indicates the following information for his assignment as a Unit Orderly. The quality of his work was considered outstanding, as he did superior work. The quantity of his work was considered outstanding, as he drove himself exceptionally hard at all times. His initiative was considered outstanding, as he had good ideas on better ways of doing things. His interest was considered outstanding, as he was eager to learn and wanted to know everything there was to know about his work. His ability to learn was considered outstanding, as he was very quick to learn, had an excellent memory, and was learning more rapidly than most inmates assigned there. His need for supervision was considered minimal, as he had a good record of dependability and promptness. His response to supervision and instruction was considered outstanding, as he made a real effort to please the instructor, and did exactly as he was told. His ability to work with others was considered good, as he was friendly, congenial, and helpful. His overall job proficiency continued to employ him, but without a raise or promotion. During the rating period of December 16, 2002, through January 15, 2003, he performed 196 hours of satisfactory work.

**Educational/Vocational Participation:** A review of his inmate data transcript revealed the following information. While confined at FCI, Three Rivers, Texas, inmate Kitano completed 48 hours in the FCI College Tuesday Evening Course, 48 hours in the FCI College Wednesday Evening Course, and 48 hours in the FCI College Thursday Evening Course. While confined at FCI, Oxford, Wisconsin, inmate Kitano completed the Economics and Business College Courses. While confined at USP, Allenwood, Pennsylvania, inmate Kitano completed 48 hours in the Construction Trades Class. In addition, he completed Employment Skills and Personal Finance/Consumer Skills Courses within the Release Preparation Program. Currently, while confined at USP, Lewisburg, Pennsylvania, inmate Kitano has completed leisure activities Softball 2001 and Soccer 2001. Finally, he has completed the following courses within the Release Preparation Program: AIDS Awareness, Probation Services, Probation/USPO, and Community Corrections. No other educational/vocational participation is noted at this time.

**Counseling Programs:** Inmate Kitano has completed the Federal Bureau of Prisons C.O.D.E. (Challenge, Opportunity, Discipline, and Ethics) Program that was offered at USP, Allenwood, Pennsylvania, on January18, 2001. The C.O.D.E. Program is a voluntary, unit-based, highly structured residential treatment program which employs a multi-disciplinary, multi-stage treatment approach stressing the acquisition of pro-social values and a non-criminal lifestyle. Adherence to a pro-social code of conduct is constantly stressed throughout the entire C.O.D.E. Program. Concepts of honesty, tolerance, respect, and responsibility are fundamental principles of the program. Throughout this 12 month program, inmate Kitano received treatment in the following elements considered critical to the program:   values development, criminal lifestyle confrontation, victim impact resolution, cognitive skills building, interpersonal skills processing, wellness development, and relapse prevention. Currently, inmate Kitano is participating in the C.O.D.E. Mentoring Program. In addition, inmate Kitano is participating in the 40-Hour Non-Residential Drug Education Program. Program staff indicate that inmate Kitano has been an active participant since April 23, 2002, and has displayed a commitment to living a responsible pro-social lifestyle. Finally, inmate Kitano has been participating in the Moral Reconation Group since March 5, 2002. Program staff have indicated that inmate Kitano has distinguished himself as a hard working, diligent, and positive role model to beginning and advanced members. No further counseling program participation is indicated at this time.

**Incident Reports:**

| HEARING DT | REPORT# | PROHIBITED ACT / DESCRIPTION | SANCTION(STATUS) |
|---|---|---|---|
| 12-19-2001 | 947731 | 305 POSSESSING UNAUTHORIZED ITEM | LP COMM ;LP VISIT |
| 04-24-2001 | 875910 | 113 POSSESSING DRUGS/DRUG ITEMS | DS ;LP COMM;LP VISIT;TRANSFER |
| 08-09-2000 | 801890 | 305 POSSESSING UNAUTHORIZED ITEM | DS (SUSP);LP COMM |
| 01-20-1999 | 648067 | 305 POSSESSING UNAUTHORIZED ITEM | DS |
| 01-20-1999 | 648062 | 305 POSSESSING UNAUTHORIZED ITEM | DS |
| 10-20-1997 | 532364 | 316 BEING IN UNAUTHORIZED AREA<br>406 USING PHONE OR MAIL W/O AUTH | LOSE PRIV ;<br>EXTRA DUTY |
| 01-16-1997 | 462268 | 104 POSSESSING A DANGEROUS WEAPON | DS (SUSP); DS |
| 01-09-1997 | 462025 | 320 FAILING TO STAND COUNT | LOSE PRIV |
| 04-23-1996 | 396550 | 329 DESTROY PROP $100 OR LESS | DS  (SUSP);MON REST |
| 02-23-1996 | 384942 | 222 POSSESSING INTOXICANTS | DIS GCT;DS ;TRANSFER  (SUSP) |
| 01-11-1996 | 375136 | 222 POSSESSING INTOXICANTS | DS; LOSE PRIV |
| 06-21-1995 | 324011 | 307 REFUSING TO OBEY AN ORDER | EXTRA DUTY |
| 04-26-1995 | 309526 | 305 POSSESSING UNAUTHORIZED ITEM | CONFISCATE EXTRA DUTY |
| 08-01-1994 | 245535 | 405 TATTOOING OR SELF-MUTILATING | CHG QTRS;LOSE PRIV (SUSP) |
| 04-08-1994 | 219303 | 405 TATTOOING OR SELF-MUTILATING | LOSE PRIV |
| 12-23-1993 | 193393 | 305 POSSESSING UNAUTHORIZED ITEM | DS (SUSP);MON REST |
| 07-17-1993 | 160970 | 400 POSSESSING UNAUTH PROPERTY<br>408 CONDUCTING A BUSINESS W/O AUTH | EXTRA DUTY<br>EXTRA DUTY |

| 07-13-1993 | 159916 | 321 INTERFERING WITH TAKING COUNT | EXTRA DUTY;LOSE PRIV |
| | | 404 USING ABUSIVE/OBSCENE LANGUAGE | IMPOUND |
| 04-09-1992 | 75569 | 109 POSSESSING DRUGS OR DRUG ITEMS | DIS GCT ; DS ;LOSE PRIV (SUSP) |
| 04-03-1991 | 18760 | 330 BEING UNSANITARY OR UNTIDY | DS |

**Institution Movement:** Inmate Kitano was initially designated to FCI, Memphis, Tennessee on August 18, 1987, for service of his sentence. On March 10, 1988, he was transferred to USP, Leavenworth, Kansas for Disciplinary purposes. On May 3, 1989, he was transferred to USP, Terre Haute, Indiana for Close Supervision purposes. On January 10, 1991, he was transferred to FCI, Bastrop, Texas for Close Supervision purposes. On March 6, 1991, he was transferred to FCI, Three Rivers, Texas for Close Supervision purposes. On November 8, 1993, he was transferred to FCI, Oxford, Wisconsin for Close Supervision purposes. On October 23, 1998, he was transferred to USP, Florence, Colorado for Close Supervision purposes. On April 28, 1999, he was transferred to USP, Allenwood, Pennsylvania for Adjustment purposes. On June 28, 2001, he received a Disciplinary Transfer to USP, Lewisburg, Pennsylvania, where he remains to date.

**Physical/Mental Health:** Inmate Kitano is assigned regular duty status with the medical restriction of no Food Service work. He has disclaimed any present physical or mental disorders which would require his review by medical staff. There are no physical or mental health issues noted which would impact on inmate Kitano's transfer or placement in a general population setting.

**Progress on Financial Plan:** There are no financial obligations noted.

## RELEASE PLANNING

Upon his release from the Federal Bureau of Prisons, inmate Kitano plans on returning to Guam to reunite with his family and seek employment.

A. **Residence:**   Ms. Mariarosa B. Cruz
PO Box 1351
Hagatna, GUAM 96932

B. **Employment:**   To be secured.

C. **USPO:**   Mr. F. Michael Cruz, Chief
United States District Court
1003 Pacific News Building
238 Archbishop Flores Street
Hagatna, GUAM  96910
(671)472-7369

Inmate Kitano is an offender subject to notification under Title 18U.S.C. 4042(B), due to his current conviction for a crime of violence.

D. **Release Programming:** Inmate Kitano will be recommended to participate in the institution prerelease program. This program offers courses dealing with health & nutrition, employment, personal finance/consumer skills, community resources, release requirements/procedures, and personal growth. Currently, inmate Kitano has completed employment skills, personal finance/consumer skills, probation/USPO, probation services, and AIDS Awareness courses within the Release Preparation Program.

4

**Dictated by:**     M. Nicholas, Case Manager

**Date Typed:**     February 27, 2003

**Reviewed by:**     John Adami, Unit Manager

GUAM TERRITORIAL PAROLE BOARD
<u>ORDER OF THE BOARD</u> NOTICE OF ACTIONS,

DATED FEBRUARY 22, 2002 AND JUNE 25, 2003, RESPECTIVELY.

# *Guam Parole Board*

### Government of Guam
### Tiyan, Guam

# ORDER OF THE BOARD

Case No(s).: **CF120-87, 11F-87** _____ ;

On **February 21, 2002** _____, *the Guam Parole Board convened on the case of*

**Alexander B. Kitano** _____, *a prisoner under the jurisdiction of the Guam Adult Correctional Facility, Mangilao. The Board reviewed the case of the above-mentioned inmate (with the exception of Full-Time*

☐    **GRANTS PAROLE** in that inmate meets the standards governing release on parole in accordance with 9GCA §80.76 (a) and (b);   GPB / FTR / SPECIAL

## *Certificate of Parole*

*Parole Tenure:* _____ *TO* _____

*Additional Special Conditions:* _____

_____

_____

☒    **DENIES PAROLE** in that inmate does not meet the standards governing release on parole in accordance with 9GCA §80.76 (a) (1) (2) (3) 4 (5) and (b) 1 2 3 4 5 6 7 8 (9) (10) (11) (12)
     *(detailed information reference this denial are contained in Board files.)*

*Additional Info:*   **Re-apply in one (1) year.** _____

_____

_____

*Inmate may be presented for parole re-application no later than*   **February 23, 2003** _____ .

☐    **TABLES CASE** until _____ for the following reason(s): _____
_____

☐    **ACCEPTS INMATE'S WAIVER OF PAROLE**

*Given under the hands and seal of the Guam Parole Board, DATED* _____ .

        *GUAM PAROLE BOARD*

        *FRANCISCA V. SANTOS*
          Chairperson

*(SEAL)*

*GUAM PAROLE BOARD:*
*RELEASE ORDER:*

*The above named prisoner is hereby released to the custody of the Parole Services Division as ordered by this Certificate of Parole.*

        ANGEL A.R. SABLAN
         *Director of Corrections*

DISTRIBUTION: ACF/Computation/CCSD/Parolee ~~Services Copy~~ /A G's Office/ Chief of Police/GPB Files/ ORIGINAL—PSD File

# The Guam Parole Board

## Government of Guam
## Tiyan, Guam

| | |
|---|---|
| IN THE MATTER OF PAROLE DESIRABILITY OF: | ORDER OF THE BOARD DENYING PAROLE |
| **KITANO, Alexander** | **Case No(s):** CF0120-87;11F87 |
| A Corrections Inmate | |

The Guam Parole Board met on Wednesday, June 25, 2003 to review the desirability of parole for the above-named inmate. Present for the Board were Chairperson Francisco L. Marion, and members Edward T. Flores and Jose Q. Salas, establishing a quorum. Proceedings of the hearing were recorded on tapes by the Board Secretary.

During the hearing, the Board reviewed a Preparole Investigation Report prepared and submitted by the Parole Services Division of the Department of Corrections. There were also other documents and testimonies made available to the Board which are filed in the Board's official records.

Having informed prior of the hearing date for this presentation, the above-named inmate and family members appeared before the Board in support of his parole request.

The Board having deliberated on this case, was based on the Investigation Report and the presentations made by the inmate and family members. The Board **DENIES** the above-named inmate's parole request based on the following:

### IN ACCORDANCE WITH 9GCA §80.76(a)

[X] (1) Release is not compatible with public safety and security;

[X] (2) There is substantial likelihood that he will not abide by the law and conform to the conditions of parole;

[X] (3) Release at this time would depreciate the seriousness of his crime and promote disrespect for law;

[X] (4) Release would have a substantial adverse effect on institutional discipline;

[X] (5) Continued correctional treatment, medical care or vocational or other training in the institution will substantially enhance his capacity to lead a law-abiding life when release at a later date.

### IN ACCORDANCE WITH 9GCA §80.76(b)

[ ] (1) The prisoner's personality, including his age and maturity, stability, sense of responsibility and apparent development in his personality hinders his conformity to law;

[ ] (2) The prisoner's parole plan is not acceptable with his release;

[ ] (3) The prisoner is not able to assume obligations and undertake responsibilities;

[ ] (4) The prisoner's family status and relatives who display interest in him and other close and constructive associations in the community is not compatible with his release;

[ ]   (5)   The prisoner's employment history, his occupational skills and training, and the stability of his past employment is not acceptable with his release;

[ ]   (6)   The type of home environment in which prisoner plans to live is not acceptable with his release;

[ ]   (7)   The prisoner's past use of narcotics or other harmful drugs or past habitual and excessive use of alcohol is not acceptable with his release;

[ ]   (8)   The prisoner's mental and physical make-up, including any disability or handicap, which may affect his conformity to law, is not compatible with his release;

[ ]   (9)   The prisoner's prior criminal record, including the nature and circumstances, recentness and frequency of previous offense is not compatible with his release;

[ ]   (10)   The prisoner's attitude toward law and authority is not compatible with his release;

[ ]   (11)   The prisoner's conduct in the institution, including where he has take advantage of the opportunities for self-improvement afforded by the institutional program is not compatible with his release;

[ ]   (12)   The prisoner's conduct and attitude during any previous experience of probation or parole and the recentness of such experience is not compatible with his release.

The Board recommends that inmate participate in the institutional programs provided by the Department. Inmate may reapply for parole in one (1) year from the date of this hearing (no later than June 24, 2003)

*SO ORDERED this 25*[th] *day of June 2003.*

FOR THE GUAM PAROLE BOARD

FRANCISO L. MARION
*Chairperson*

**ATTESTED:**

**Seal**

*Melva C. Limo*
Melva C. Limo
**Board Secretary**

**DISTRIBUTION:** Original (Inmate's File) PSD / ACF / CCSD / GPB File / Inmate's Copy

GUAM TERRITORIAL PAROLE BOARD

ORDER OF THE BOARD NOTICE OF ACTIONS,

DATED FEBRUARY 22, 2002 AND JUNE 25, 2003, RESPECTIVELY.

## *Guam Parole Board*

Government of Guam
Tiyan, Guam

# ORDER OF THE BOARD

Case No(s).: **CF120-87, 11F-87** _____ :

On **February 23, 2002** _____, the *Guam Parole Board convened on the case of*

**Alexander B. Kitano** _____, *a prisoner under the jurisdiction of the Guam Adult Correctional Facility, Mangilao. The Board reviewed the case of the above-mentioned inmate (with the exception of Full-Time Release and Special parole) and hereby:*

☐    GRANTS PAROLE in that inmate meets the standards governing release on parole in accordance with 9GCA §80.76 (a) and (b);    GPB / FTR / SPECIAL

## *Certificate of Parole*

*Parole Tenure:* _____ *TO* _____

*Additional Special Conditions:* _____

_____

_____

☒    DENIES PAROLE in that inmate does not meet the standards governing release on parole in accordance with 9GCA §80.76 (a) (1) (2) (3) 4 (5) and (b) 1 2 3 4 5 6 7 8 (9) (10) (11) (12)
*(detailed information reference this denial are contained in Board files.)*

Additional Info: **Re-apply in one (1) year.** _____

_____

_____

Inmate may be presented for parole re-application no later than    **February 23, 2003** _____

☐    TABLES CASE until_____ for the following reason(s):_____

_____

☐    ACCEPTS INMATE'S WAIVER OF PAROLE

*Given under the hands and seal of the Guam Parole Board, DATED* _____

GUAM PAROLE BOARD

*FRANCISCA F. SANTOS*
Chairperson

(SEAL)

GUAM PAROLE BOARD:
RELEASE ORDER:

*The above named prisoner is hereby released to the custody of the Parole Services Division as ordered by this* Certificate of Parole.

*ANGEL A.R. SABLAN*
Director of Corrections

DISTRIBUTION:  ACF/Computation/CCSD/Parolee-Inmate's copy /A.G's Office/ Chief of Police/GPB Files/ ORIGINAL---PSD File

# The Guam Parole Board

Government of Guam
Tiyan, Guam

| | |
|---|---|
| IN THE MATTER OF PAROLE DESIRABILITY OF: | ORDER OF THE BOARD DENYING PAROLE |
| **KITANO, Alexander** | **Case No(s):** CF0120-87;11F87 |
| A Corrections Inmate | |

The Guam Parole Board met on Wednesday, June 25, 2003 to review the desirability of parole for the above-named inmate. Present for the Board were Chairperson Francisco L. Marion, and members Edward T. Flores and Jose Q. Salas, establishing a quorum. Proceedings of the hearing were recorded on tapes by the Board Secretary.

During the hearing, the Board reviewed a Preparole Investigation Report prepared and submitted by the Parole Services Division of the Department of Corrections. There were also other documents and testimonies made available to the Board which are filed in the Board's official records.

Having informed prior of the hearing date for this presentation, the above-named inmate and family members appeared before the Board in support of his parole request.

The Board having deliberated on this case, was based on the Investigation Report and the presentations made by the inmate and family members. The Board **DENIES** the above-named inmate's parole request based on the following:

### IN ACCORDANCE WITH 9GCA §80.76(a)

[X] (1)    Release is not compatible with public safety and security;

[X] (2)    There is substantial likelihood that he will not abide by the law and conform to the conditions of parole;

[X] (3)    Release at this time would depreciate the seriousness of his crime and promote disrespect for law;

[X] (4)    Release would have a substantial adverse effect on institutional discipline;

[X] (5)    Continued correctional treatment, medical care or vocational or other training in the institution will substantially enhance his capacity to lead a law-abiding life when release at a later date.

### IN ACCORDANCE WITH 9GCA §80.76(b)

[ ] (1)    The prisoner's personality, including his age and maturity, stability, sense of responsibility and apparent development in his personality hinders his conformity to law;

[ ] (2)    The prisoner's parole plan is not acceptable with his release;

[ ] (3)    The prisoner is not able to assume obligations and undertake responsibilities;

[ ] (4)    The prisoner's family status and relatives who display interest in him and other close and constructive associations in the community is not compatible with his release;

[ ]   (5)   The prisoner's employment history, his occupational skills and training, and the stability of his past employment is not acceptable with his release;

[ ]   (6)   The type of home environment in which prisoner plans to live is not acceptable with his release;

[ ]   (7)   The prisoner's past use of narcotics or other harmful drugs or past habitual and excessive use of alcohol is not acceptable with his release;

[ ]   (8)   The prisoner's mental and physical make-up, including any disability or handicap, which may affect his conformity to law, is not compatible with his release;

[ ]   (9)   The prisoner's prior criminal record, including the nature and circumstances, recentness and frequency of previous offense is not compatible with his release;

[ ]   (10)   The prisoner's attitude toward law and authority is not compatible with his release;

[ ]   (11)   The prisoner's conduct in the institution, including where he has take advantage of the opportunities for self-improvement afforded by the institutional program is not compatible with his release;

[ ]   (12)   The prisoner's conduct and attitude during any previous experience of probation or parole and the recentness of such experience is not compatible with his release.

The Board recommends that inmate participate in the institutional programs provided by the Department. Inmate may reapply for parole in one (1) year from the date of this hearing (no later than June 24, 2003)

*SO ORDERED this 25th day of June 2003.*

FOR THE GUAM PAROLE BOARD

FRANCISO L. MARION
*Chairperson*

**ATTESTED:**

**Seal**

Melva C. Limo
*Board Secretary*

**DISTRIBUTION:** Original (Inmate's File) PSD / ACF / CCSD / GPB File / Inmate's Copy

COPIES OF

EXHAUSTION OF ALL AVAILABLE FEDERAL REMEDIES
GRIEVANCE PROCEDURES: BP-8, BP-9, BP-10, AND BP-11.

*187* -IF- *03*

## INFORMAL RESOLUTION ATTEMPT

In accordance with Program Statement 1330.7, <u>Administrative</u> <u>Remedy Procedure for Inmates</u>, this form will serve as documentation by the respective staff member and his unit manager to indicate an informal attempt to resolve the complaint of the following inmate:

NAME: *Kitano*　　　　　　　Reg. No. *80362-011*

FORM TO INMATE: *9-16-03*　　STAFF *ADAmi*　　*3*
　　　　　　　　(Date)　　　　　　(Name)　　　(Unit)

A BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED (Pg 1 & Pg 2).
-----------------------------------------------------------------
1.  Nature of Complaint (to be completed by inmate):

I have been eligible for a parole board hearing on February 8, 2002.  I was informed, via telephone link, by Parole Officer Donna M. Cruz, that a parole board hearing was held at Tiyan, Guam and I was subsequently denied release on parole on February 22, 2002 and June 25, 2003, respectively.  I am appealing the denials of those decisions in respect to the procedural process that was used and an attempt in properly exhausting administrative remedies.

U.S. DEPARTMENT OF JUSTICE

**REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

---

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Kitano, Alexander  B.__ _____ __80362-011__ ____ __E-308L__ ____ __USP, Lewisburg__
      LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST**    As I have stated in the BP-8, I was suppose to be returned to the Territory of Guam for all parole board hearings that were subsequently held without my presence. I have been eligible for a parole hearing since February 8, 2002. And I have been informed that I have been denied parole on February 22, 2002 and June 25, 2003, by the Territorial (Guam) Parole Board. Please see notice of action in files.

According to Title 18 U.S.C.A. §5003, <u>Custody of State offenders</u>, "State prison inmate who has been transferred to federal institution in another state <u>must</u> be returned to state prison for all parole hearings..." See Hoitt v. Vitek, D.C.N.H.1973, 361 F.Supp. 1238. I understand that the Federal Bureau of Prisons does not have the jurisdictional authority on my sentence and parole matters, but this is also an issue that clearly been a denial of my fundamental right to a full and fair parole hearing consideration. As custodian of my person at the United States Penitentiary in Lewisburg, Pennsylvania, I am seeking assistance and resolvement in this matter because I have been unsuccessful at reaching Guam authorities with trying to also appeal those denials for parole by the Guam Parole Board on February 22, 2002 and June 25, 2003, respectively. I am trying to properly exhaust administrative remedies at this level before proceeding to court.

Thanking you in advanced notice for any and all informations and assistance you may furnish me with to the instant matter at hand. Your prompt response is greatly appreciated.

Sincerely,

__September 30, 2003.__                    _____
       DATE                                        SIGNATURE OF REQUESTER

**Part B– RESPONSE**

---

_____              _____
      DATE                               WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**            CASE NUMBER: _312372-F2_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                            CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT         INSTITUTION

SUBJECT: _____

_____

                                                              BP–229(13)
                                                              APRIL 1982

181

**U.S. DEPARTMENT OF JUSTICE**                    **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Kitano, Alexander  B._____  ___80362-011___  __E-308L___  __U.S.P, Lewisburg.__
     LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.      UNIT      INSTITUTION

**Part A– INMATE REQUEST**  As I have stated in the BP-8, I was suppose to be returned to the Territory of Guam for all parole board hearings that were subsequently held without my presence. I have been eligible for a parole hearing since February 8, 2002. And I have been informed that I have been denied parole on February 22, 2002 and June 25, 2003, by the Territorial (Guam) Parole Board. Please see notice of action in files.

According to Title 18 U.S.C.A. §5003, Custody of State offenders, "State prison inmate who has been transferred to federal institution in another state **must** be returned to state prison for all parole hearings..." See Hoitt v. Vitek, D.C.N.H.1973, 361 F.Supp. 1238. I understand that the Federal Bureau of Prisons does not have the jurisdictional authority on my sentence and parole matters, but this is also an issue that clearly been a denial of my fundamental right to a full and fair parole hearing consideration. As custodian of my person at the United States Penitentiary in Lewisburg, Pennsylvania, I am seeking assistance and resolvement in this matter because I have been unsuccessful at reaching Guam authorities with trying to also appeal those denials for parole by the Guam Parole Board on February 22, 2002 and June 25, 2003, respectively. I am trying to properly exhaust administrative remedies at this level before proceeding to court.

Thanking you in advanced notice for any and all informations and assistance you may furnish me with to the instant matter at hand. Your prompt response is greatly appreciated.

Sincerely,

__September 30, 2003.___                                        
     DATE                                SIGNATURE OF REQUESTER

**Part B– RESPONSE**

---

     DATE                               WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**              CASE NUMBER: _____

                                   CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL

RECEIPT - ADMINISTRATIVE REMEDY

DATE: OCTOBER 6, 2003

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      LEWISBURG USP

TO  : ALEXANDER BLANCO KITANO, 80362-011
      LEWISBURG USP    UNT: UNT 3-CODE    QTR: E03-308L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID      : 312372-F2
DATE RECEIVED  : OCTOBER 6, 2003
RESPONSE DUE   : OCTOBER 26, 2003
SUBJECT 1      : OTHER RECORDS MANAGEMENT
SUBJECT 2      :
INCIDENT RPT NO:

**Admin. Remedy No.: 312771-F1**
**Part B - Response**

## ADMINISTRATIVE REMEDY RESPONSE

In your Request for Administrative Remedy, you state you should have been returned to the Territory of Guam for all parole hearings that have been held in your absence.

A review into this matter reveals the following information. You are a State Boarder inmate from the Territory of Guam, serving a Life Sentence for First Degree Murder. 18 U.S.C. #5003 enables the Director, Federal Bureau of Prisons, to establish contracts to accept state prisoners for boarding in federal institutions. The term "State" includes any state, territory, or possession of the United States, and the Canal Zone. The Bureau of Prisons is not in the position to determine the legality of returning State Boarder inmates to their respective jurisdictions without an official request from the originating jurisdiction. At no time during your incarceration at USP Lewisburg has there been an official request from Guam authorities to return you for parole hearings. Should they request your return, we will make every effort to accommodate the Territory of Guam as expediently as practical.

Based on the above, the relief you request has been denied, in that there has been no request by the state authorities to return you for parole hearings. If you are dissatisfied with this response, you may appeal to the Regional Director, U. S. Bureau of Prisons, Northeast Regional Office, U. S. Customs House - 7th Floor, 2nd and Chestnut Streets, Philadelphia, PA 19106, within twenty (20) calendar days from the date of this response.

_____           _____10/16/03_____
D. Scott Dodrill                   Date
Warden

# Regional Administrative Remedy Appeal

Type or use ball–point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: **Kitano, Alexander B.**    **80362-011**    **E-308L**    **USP, Lewisburg.**

LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**

I am appealing the denials of my release on parole that were subsequently held and rendered on February 22, 2002 and June 25, 2003, respectively, by the Guam Territorial Parole Board at Tiyan, Guam, without my presence, in violation of Title 9 Guam Code Annotated, Article 5, Chapters 80 and 85; Title 18 U.S.C.A. § 5003; First Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

I have repeatedly made all reasonable attempts at trying to appeal these de-nials and proceedings that were used by the Guam Territorial Parole Board and the Department of Corections authorities to no avail. I am exhausting administrative remedies within the Bureau of Prisons personnel before pursuing the matter herein in federal court.

October 19, 2003.
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____            _____
DATE                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

CASE NUMBER: _312372-R1_

ORIGINAL: RETURN TO INMATE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____    _____    _____    _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____ Case 1:04-cv-00007    Document 3    Filed 02/26/2004    Page 40 of 75

BP–230(13)
APRIL 1982

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | **Kitano, Alexander B.** | **80362-011** | **E-308L** | **USP, Lewisburg.** |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

I am appealing the denials of my release on parole that were subsequently held and rendered on February 22, 2002 and June 25, 2003, respectively, by the Guam Territorial Parole Board at Tiyan, Guam, without my presence, in violation of Title 9 Guam Code Annotated, Article 5, Chapters 80 and 85; Title 18 U.S.C.A. § 5003; First Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

I have repeatedly made all reasonable attempts at trying to appeal these denials and proceedings that were used by the Guam Territorial Parole Board and the Department of Corections authorities to no avail. I am exhausting administrative remedies within the Bureau of Prisons personnel before pursuing the matter herein in federal court.

October 19, 2003.
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

BP-230(13)
APRIL 1982

USP LVN    DATE

RECEIPT - ADMINISTRATIVE REMEDY

DATE: OCTOBER 29, 2003

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : ALEXANDER BLANCO KITANO, 80362-011
      LEWISBURG USP     UNT: UNT 3-CODE     QTR: E03-308L

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID        : 312372-R1
DATE RECEIVED    : OCTOBER 23, 2003
RESPONSE DUE     : NOVEMBER 22, 2003
SUBJECT 1        : OTHER RECORDS MANAGEMENT
SUBJECT 2        :
INCIDENT RPT NO:

KITANO, Alexander
Reg. No. 80362-011
Appeal No. 312372-R1
Page One

---

### Part B - Response

You appeal the denial of your release, via parole, by the
Territory of Guam. You state the Guam Territorial Parole Board
held your parole hearings without your presence and denied you
parole in decision rendered on February 22, 2002, and June 25,
2003. You state you are attempting to exhaust your remedies
prior to filing a complaint in court.

A review of our records indicates you are a state (Territory of
Guam) prisoner serving a Life sentence for First Degree Murder.
As indicated by the Warden, the Bureau has no jurisdictional
authority governing sentencing or parole procedures of state
governments. You are properly in a federal institution on behalf
of the Territory of Guam. The Warden has properly advised you
that if an official request was made by Guam officials to return
you to their territory for a parole hearing, the institution
would make every effort to accommodate their request as
expediently as possible. Your issues with the parole decision
must be presented to the authorities in Guam. We find no further
relief from the Bureau of Prisons is warranted. Your appeal is
denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons. Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: November 20, 2003          M. E. RAY
                                 Regional Director

RECEIPT - ADMINISTRATIVE REMEDY

DATE: DECEMBER 10, 2003

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : ALEXANDER BLANCO KITANO, 80362-011
      LEWISBURG USP      UNT: UNT 3-CODE      QTR: E03-308L

THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

REMEDY ID        : 312372-A1
DATE RECEIVED    : DECEMBER 2, 2003
RESPONSE DUE     : JANUARY 31, 2004
SUBJECT 1        : OTHER RECORDS MANAGEMENT
SUBJECT 2        :
INCIDENT RPT NO:

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 10, 2003

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : ALEXANDER BLANCO KITANO, 80362-011    QTR: E03-308L
      LEWISBURG USP        UNT: UNT 3-CODE

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID       : 312372-A1
DATE RECEIVED   : DECEMBER 2, 2003
RESPONSE DUE    : JANUARY 31, 2004
SUBJECT 1       : OTHER RECORDS MANAGEMENT
SUBJECT 2       :
INCIDENT RPT NO:

ALEXANDER BLANCO KITANO, 80362-011
LEWISBURG USP      UNT: UNT 3-CODE      QTR: E03-308L
RD #5, FEDERAL PRISON
LEWISBURG,  PA 17837

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | Kitano, Alexander B. | 80362-011 | E-308L | USP, Lewisburg |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

As stated in my Administrative Remedy (312372-F2), I am currently appealing the denials of my release on parole subsequently rendered by the Guam Territorial Parole Board on February 23, 2002, and June 25, 2003, respectively, at Tiyan, Guam. And because I am presently in the custody of the Federal Bureau of Prisons, I am now exhausting my administrative remedies at the Office of General Counsel, before proceeding in the Middle District Federal Court of Pennsylvania. I am being denied procedural due process to be fairly considered at those parole board hearings held without my presence and the opportunity to present documentary support, by Guam authorities and in accordance with Title 18 U.S.C. §5003, which states: **"State prison inmate...must be returned to state prison for all parole hearings..."**

November 26, 2003
DATE

_____
SIGNATURE OF REQUESTOR

**Part B—RESPONSE**

_____
DATE

_____
GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 312372-A1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____
DATE

_____
SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-DIR-11
April 1982

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | Kitano, Alexander B. | 80362-011 | E-308L | USP, Lewisburg |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**

As stated in my Administrative Remedy (312372-F2), I am currently appealing the denials of my release on parole subsequently rendered by the Guam Territorial Parole Board on February 23, 2002, and June 25, 2003, respectively, at Tiyan, Guam. And because I am presently in the custody of the Federal Bureau of Prisons, I am now exhausting my administrative remedies at the Office of General Counsel, before proceeding in the Middle District Federal Court of Pennsylvania. I am being denied procedural due process to be fairly considered at those parole board hearings held without my presence and the opportunity to present documentary support, by Guam authorities and in accordance with Title 18 U.S.C. §5003, which states: **"State prison inmate...must be returned to state prison for all parole hearings..."**

| November 26, 2003 | |
|---|---|
| DATE | SIGNATURE OF REQUESTOR |

**Part B—RESPONSE**

| | |
|---|---|
| DATE | GENERAL COUNSEL |

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

SUBJECT: _____

| | | BP-DIR-11 |
|---|---|---|
| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL | April 1982 |

**Administrative Remedy No. 312372-A1**
**Part B-Response**

This is in response to your Central Office Administrative Remedy
in which you claim the Guam Territorial Parole Board held your
parole hearings without you being present and denied you the
opportunity to present documentary support.

Our review reveals that the Warden and Regional Director have
adequately responded to the issues you raised.  As noted in your
response from the Regional Director, the Bureau of Prisons has no
jurisdictional authority governing sentencing or parole
procedures of state governments.  Your issues with the parole
board must be presented to authorities in Guam.  Should Guam
authorities request your return, the institution will make every
effort to accommodate the Territory Of Guam.  This response is
provided for informational purposes only.

_January 28, 2004_
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

DOCUMENTED WRITTEN REQUESTS MADE TO
GUAM AUTHORITIES, IN RESPECT TO APPEALING THE DENIALS
OF PAROLE MADE ON FEBRUARY 22, 2002 and JUNE 25, 2003,, RESPECTIVELY.

***NOTE:  ALSO ATTACHED ARE RESPONSES FROM GUAM AUTHORITIES

Frank Marion, Chairperson,
Guam Parole Board
Government of Guam
Tiyan, Guam

RE: **Request pursuant to Privacy Act of 1974; For Parole Hearing[s]**
**February 2002 and June 2003 Tapes, pursuant to Disclosure of**
**Parole Board Office File.**

Dear Mr. Marion:                                    July 22, 2003.

Hafa Adai; and Greetings.

Please consider this communication my formal request for the
transcripts, tapes and all related notes, hearing examiners' assest-
ments and reports in accordance with Title 9 Guam Code Annotated §80.76
(a) and (b), and any relevant Territorial statutes as well.

I am requesting these records from my initial and recent parole
hearings conducted at Tiyan, Guam, on February 2002 and June 2003.

Thanking you in advanced notice for your assistance and any
further assistance you may afford me with.

Sincerely,

Alexander B. Kitano/Prison Reg.#80362-011
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

nef/abk87.

# FREEDOM OF INFORMATION/PRIVACY ACT
## REQUEST ACT OF 1974

TO: Guam Parole Board

c/o Department of Corrections

P. O. Box 3236

Hagatna, GU 96932

FROM: Alexander B. Kitano/Prison Reg.#80362-011

United States Penitentiary

P.O. Box 1000

Lewisburg, PA 17837

Pursuant to Title 5 U.S.C. § 552 and all other relevant sections and parts thereof, I, the undersigned, also identified above in the upper right-hand section, hereby respectfully request the following information:

I am once again requesting for all transcripts, tapes, and all related notes, hearing examiners' assessments and reports in accordance with 9 GCA §80.76 (a) and (b), and any relevant administrative policies in regard to initial parole hearing: on February 22, 2002. and most recent, June 25, 2003. I am requesting that these records and proceedings be made available to this petitioner. Thanking you in advanced notice for any assistance you may furnish me with.

If there are applicable rules and regulations governing your agency in such matters, please forward them to me so that I might comply with them per the FOI Act of 1974.

If for any reason any of the above requested information or material is deemed to be privileged and exempt under FOI, please specify the statutory reasons for the exemption, the name and title of the person(s) making the decision to withhold the material.

Per the dictates of the Freedom of Information Act of 1974, your agency has ten (10) working days to respond to this request. In the event I do not recieve a response by that time, I will deem deem this formal request denied, and seek judicial remedy.

Dated: 8-2-03

Submitted by: _____
Requester

Sworn and subscribed before me this 2 day of Aug. M. Nicholas, Case Manager Case Manager of the above named person, verify that Authorized by the Act of before me - and is who he claims to be. July 7, 1955, as amended, to Case Manager/Notary (Public) administer oaths (18 USC 4004).

Francisco L. Marion,
Chairperson, Guam Parole Board


RE: **Access to this individual's 2/22/02 and 6/25/03, respectively,**
    **Parole Board Hearing[s] records; and copies to all relevant docu-**
    **ments and informations used in those Parole Board proceedings at**
    **the above dates.**


Dear Mr. Marion:

I have requested for the above records pertaining to my Parole Board Files
and the denial[s] notices from this agency, in your name, on two (2) se-
parate occasions to no avail.

I have received a copy of my June 25, 2003, parole denial notice of action
from the Parole Services Division on August 14, 2003.  As stated herein,
I believe there are errneous and false informations and other statements
written  on the Order of the Board denial notice and hearing[s] that may
have been used to deny this inmate a more favorable decision[s] at those
Parole Board hearing[s], respectively, on February 22, 2002, and June 25,
2003.

Furthermore, I am trying to appeal those two (2) parole denials based on
properly exhausting administrative remedies before proceeding to a higher
court.  I am asking this agency to please grant me those prior and pre-
sent records taken into consideration at the above mentioned dates of my
parole hearings.


Respectfully Submitted,

_____
Alexander B. Kitano
Prison Reg. No. 80362-011
United States Penitentiary
P.O. Box 1000
Lewisburg, PA  17837

Frank Ishtak, Director,
Department of Corrections
P. O. Box 3236
Hagatna, Guam 96932


July 11, 2003.


**RE: REQUESTING Title 9 Guam Code Annotated and Parole statutes
and Guidelines on parole.**


Dear Sir:

I am presently incarcerated in the custody of the federal Bureau
of Prisons at the United States Penitentiary in Lewisburg, PA.
I am a territorial prisoner under the jurisdiction of the Department
of Corrections and the Territory of Guam. I have been eligible for
parole since February of 2002. I am serving a life sentence, with
the possibility of parole after serving a mandatory 15-years of
imprisonment.

There are no Guam law books at this institution and the Bureau of
Prisons is **not** obligated to furnish me with any laws pertaining to
my jurisdictional rights under Guam laws.

The Department of Corrections [Territory of Guam] remains responsible
for maintenance of state [territorial] prisoners after transfer to
federal facility and remained responsible for providing access to
courts and to law books of [the Territory of Guam]. It will be in
the interest of all parties, if, I am furnished with this request
herein.

I thank you in advance for any assistance you accomodate me with.
**Dan'kulu na si yuus maase.**

Alexander B. Kitano
Reg. #80362-011
United States Penitentiary
Lewisburg, PA 17837-1000

**nef/abk87**

Frank Ishtak, Director
Department of Corrections
P.O. Box 3236
Hagatna, Guam 96932


July 18, 2003.


RE:    Amendment to 7/11/03 letter; Notice of Appeal (Guam Parole
       Board Denial of parole[s]).


Dear Sir:

I am still awaiting my Notice of Action (Order of the Board) of
my recent denial for parole.  I was informed almost three weeks
ago; and I am planning to take the necessary administrative remedies
with appealing that decision from the Board.

Again, I am in need of being furnished a Title 9 GCA and Parole
Statutes in respect to properly making the required steps that
may deem just for initiateing such an appeal.  As I have stated
in my prior administrative request to you; I sincerely ask of you
that I may be afforded such basic right to receive those law ma-
terials as requested.

I thank you in advance for any assistance you may forward me with
in making it possible for me to appeal the decision[s] of my parole
denial[s].  **Dang'kulu na si yuus maase.**


Alexander B. Kitano
Reg. No. 80362-011
P.O. Box 1000
United States Penitentiary
Lewisburg, PA   17837


nef/abk87.

Frank Ishizaki, Director,
Department of Corrections
P. O. Box 3236
Hagatna, Guam  96932
(671) 734-3981


July 28, 2003.

RE:     **Requesting Title 9 Guam Code Annotated; and information and
        Order of the Board notice from June 25, 2003 Board Hearing.**


Dear Sir:

I have written two (2) previous requests in trying to acquire specific
and general assistance from your office under your name; I apologize
for not addressing your name properly at these two instances.  I am
still seeking your assistance in the matter at hand.  The Federal Bu-
reau of Prisons are not required for providing access to law books of
the Territory of Guam.  I am in need of this law book; for I do not
even know, if, I am entitled to appeal the decisions and parole hear-
ings that was held at my eligibility date and the most recent one on
June 25th of this year.

The Department of Corrections has jurisdictional authority in main-
taining and adequately furnishing the Federal Bureau of Prisons at
Lewisburg, PA, with correct and updated informations in my Central
Files in regard to my parole eligibility hearing dates.  This has pre-
sented me with some difficulties at programming at a lower security
facility, Sir.  I am asking for the involvement of my assigned Case
Worker to, at least, "take reasonable steps to maintain the accuracy
of the information to assure fairness to [this individual]."

I know that I have an extensive history of incident reports being written up on me in this past sixteen and a half years of my incarceration. I have learned many lessons of growing out of those failures and I am continuing to learn even more with this new life-style of doing some good, and eventually secure the goodness in me with my life, so others may also see this different perspective that is worth pursuing today. All I am saying is, allow me the opportunity to continue programming and becoming parallel with the benefits of someone who sincerely believes in rehabilitation. And it is merely almost impossible for me to achieve certain goals I need to take at this institution.

My Unit Team has already expressed their responsibilities with certain data in my Sentence Monitoring Data (enclosed and highlighted) needs to be verified by both agencies, so that it may be maintained and properly entered in their sentry data base.

I hope I have troubled too much of your time with this matter; but I sincerely need to hear from you in this matter, Sir. Thanking you in advanced noticed for any information and assistance you may forward my way: **Dang'kulu na si Yuus Maase.**


Respectfully Submitted,

Alexander Blanco Kitano/#80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA  17837


nefabk87.

Frank Ishizaki, Director
Department of Corrections
P. O. Box 3236
Hagatna, GU 96932


September 2, 2003.

RE:     **Copies of all relevant Records on file to this inmate,**
        **Alexander Blanco Kitano, Prison Reg. No. 80362-011, that**
        **were made available to the Territorial Parole Board at his**
        **initial February 22, 2002, and June 25, 2003, parole hearings,**
        **respectively.**


Dear Mr. Ishizaki:

Again, I am requesting for copies of all relevant records on file
because I am contesting the validity of those informations and datas
as a result that it may have been improperly used against me at the
above mentioned dates and events. And as juridictional authority
of this inmate, it is imperative that I am furnished with the required
documents before proceeding at a higher court.

Sir, I am asking once again for your needed assistance in the matter
at hand because, as I have stated before, I have already written to
the Chairperson of the Guam Parole Board on three (3) different occa-
sions to no avail. I have received a stamped and copy of their (GPB)
denial notice of action from parole officer, Donna M. Cruz, at the
Parole Services Division, on August 14, 2003. I am very appreciative
of this assistance from you.

However, upon receiving this notice, there are some arbitrary and er-
roneous informations being written within that notice, and from my
initial notice as well. Please be advised that, Criminal Case No. 11F-
87, has been dismissed by the Attorney General's Office on or about
1992. Aside from not making a personal appearance before the Board,
it is the belief of Mr. Marion and the established quorum, Edward T.
Flores, Jose Q. Salas, and Board Secretary, Melva C. Limo that, **the**
**above-named inmate and family members appeared before the Board in**
**support of his parole request.** I am formally making this complaint
of being deprived of my constitutional rights in respect to the actions
of the Territorial Parole Board, and this Department of Corrections
Facility for maintaining erroneous information and presenting those
records to the Board on both my parole hearings hereto.

Thanking you in advanced notice once again for your time and assistance
in the matter herein and hereto.


Respectfully submitted,

Alexander B. Kitano
Prison Reg. No. 80362-011
United States Penitentiary
P.O. Box 1000, Lewisburg, PA 17837-1000.

Donna Cruz, Parole Officer
Parole Services Division
Department of Corrections
P. O. Box 3236
Hagatna, GU  96932
(671)473-7001


**RE:     All Original Certificates and Copies of other relevant
         Documents sent previously to this agent.**


July 28, 2003.

Dear Ms. Cruz:

Hafa Adai and Greetings.  I am requesting that all personal cer-
tificates mailed to you be returned back to me at this address.
I am trying to appeal my denials and parole hearings at the admi-
nistrative remedy required by law; and I need the proper proce-
dures I need to take.  It will be of great interest if I am assisted
in this matter.  I also need a copy (transcipts) of those two (2)
parole hearings as well.  And all adverse materials and documents
that were used in those hearings to render my denials for release
on parole.

Thanking you in advanced noticed for your assistance.


Submitted By,

A.B. Kitano/80362-011
USP-Lewisburg
P.O. Box 1000
Lewisburg, PA 17837


nef.abk87.

The Compiler of Law
Attorney General's Office
120 West O'Brien, Suite 2-200E,
Hagatna, Guam  96910


August 20, 2003.


RE:   GUAM CODE ANNOTATED (Title 9) Law Book; Plea Agreement on
      Criminal Case No. 120F-87; Dismissal Judgment Order on Cri-
      minal Case No. 11F-87; and "docket entries" pertaining to
      this inmate, Alexander B. Kitano, Reg. No. 80362-011.


To whom it may concern:

Hafa Adai, and greetings.  I am a territorial prisoner from the
Territory of Guam and I am presently serving a life-sentence, with
the possibility of parole after serving fifteen (15) years of im-
prisonment.  I am currently in the custody of the Federal Bureau of
Prisons at the United States Federal Penitentiary in Lewisburg, PA.

Initially, this institution does not have any laws or provisions of
Guam and I have made prior requests to the Department of Corrections
and the Superior Court of Guam to no avail.  I was informed that
this office is the only authorized agency to distribute such inqui-
ries of the above mentioned items and informations.  The Federal
Bureau of Prisons, at this institution, is not required by federal
law to provide me with applicable Guam statutes and/or relevant do-
cuments needed that I am entitled to receive.

Also, there are specific data contained in my Central Files at this
institution and within the Federal Bureau of Prisons that may be hin-
dering me from programming at a lower security level institution.
I have also made efforts with the Director, Mr. Frank Ishizaki, of
the Department of Corrections, that current erroneous informations
are presently misplaced and hinders this inmate from receiving the
proper custody and security classifications  evaluation at this in-
stitution, mainly, my Unit Team.

I am requesting the 9 GCA law book; (120F-87) plea agreement; (11F-87)
dismissal order; and all "docket entries", that I may be entitled to
receive from my sentencing authority of this Office.  Thanking you in
advanced notice for your assistance, Dang'ku lu na si yuus maase.


Respecfully submitted,

_____
Alexander Blanco Kitano
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA 17837-1000

The Compiler of Law,
Attorney General's Office
120 West O'Brien, Suite 2-200E,
Hagatna, Guam  96910


August 26, 2003.


RE:  Attached copy of Declaration In Support of Request to Proceed In Forma
     Pauperis (proof of indigence) in respect to August 20, 2003. letter re-
     questing the following:  Title 9 GCA Law Book; Plea Agreement on CF120-
     87; Dismissal Judgment Order on CF11-87 conviction; and all "docket en-
     tries per this inmate, Alexander Blanco Kitano, Reg. No. 80362-011.


To whom it may concern:

     Hafa Adai.  Please be advised that I am enclosing copies of all documents
and verifications of indigence to obtaining the above requested items and in-
formations, and related to my August 20, 2003. letter to this Office.

     As required, the Territory of Guam is responsible for furnishing me access
to the courts and law books of Guam.  I have already mentioned that this insti-
tution are not responsible for affording me this basic right, but rather that
Guam is also my sentencing authority and remains responsible for issuing these
requested items to me.  I am trying to exhaust administrative remedies in regard
to appealing my parole denials; and it will greatly serve adequate assistance,
if, I am granted with these legal materials related to this inmate's right to
the courts and legal books on Guam.

     Thanking you in advanced notice for your time and effort with assisting me
in the matter at hand.  Dang'ku lu na si yuus maase.




Sincerely submitted;

_____
Alexander Blanco Kitano, pro se,
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA  17837-1000




nef/abk87.

# FREEDOM OF INFORMATION/PRIVACY ACT
## REQUEST ACT OF 1974

TO: The Compiler of Law

Attorney General's Office

120 West O'Brien, Suite 2-200E,

Hagatna, GU  96910

FROM:  Alexander Blanco Kitano/80362-011

United States Penitentiary

P.O. Box 1000

Lewisburg, PA  17837-1000

Pursuant to Title 5 U.S.C. § 552 and all other relevant sections and parts thereof, I, the undersigned, also identified above in the upper right-hand section, hereby respectfully request the following information:

Title 9 Guam Code Annotated Law Book; Plea Agreement on Criminal Case Number, 120F-87;

Dismissal Judgment Order on Criminal Case Number, 11F-87; and all **"docket entries"**

pertaining to this inmate, Alexander Blanco Kitano, Prison Reg. No. 80362-011.

If there are applicable rules and regulations governing your agency in such matters, please forward them to me so that I might comply with them per the FOI Act of 1974.

If for any reason any of the above requested information or material is deemed to be privileged and exempt under FOI, please specify the statutory reasons for the exemption, the name and title of the person(s) making the decision to withhold the material.

Per the dictates of the Freedom of Information Act of 1974, your agency has ten (10) working days to respond to this request. In the event I do not recieve a response by that time, I will deem deem this formal request denied, and seek judicial remedy.

Dated: 8-27-03

Sumitted by: _____
Requester

Sworn and subscribed before me this 27 day of August, 2003. I, the Federal Prison Case Manager of the above named person, verify that Mr. Nicholas, Case Manager me - and is who he claims to be.
Mr. Nicholas, Case Manager
Authorized by the Act of
July 7, 1955 was amended, to
administer oaths, (18 USC 4004).

Mr. Douglas Moylan,
Attorney General for
The Territory of Guam
Attorney General's Office
120 West O'Brien Drive,
Suite 2-200E,
Hagatna, Guam   96910
(671) 475-3406


September  16, 2003.

**RE:** **Final Appeal of Guam Parole Board denials on February 22, 2002**
**and June 25, 2003, respectively.**

Dear Sir:

Hafa Adai.  I am a territorial prisoner presently serving a life-
sentence and is currently in the custody of the Federal Bureau of Pri-
sons at the United States Federal Penitentiary in Lewisburg, PA.
Please see Criminal Case No. 120F-87.

I have made numerous written requests from the Director of the De-
partment of Corrections, the Chairperson of the Guam Parole Board, the
Parole Services Division, the Superior Court of Guam, and the Compiler
of Law at your office, to no avail, for basic informations and require-
ments in regard to making an initial attempt with my right to appeal
governmental actions made in denying this inmate release on parole.

I have been refused fundamental necessaties in receiving certain
law books, legal documents and records pertaining to prison and parole
board files being mantained in respect to this prisoner.

I am asking the assistance of this Office for a Title 9 Guam Code
Annotated Law Book; my Plea-Agreement on present conviction and sentence,
Criminal Case No. 120F-87; the dismissal of Criminal Case No. 11F-87 (for
it is still being misappropriately being used against me); and all "doc-
ket entries" per this prisoner's case history.

Thanking you in advanced notice for your time given.


Sincerely submitted,

Alexander Blanco Kitano/#80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA   17837-1000

Frank Ishizaki, Director,
Department of Corrections
P. O. Box 3236
Hagatna, Guam 96932

October 23, 2003.

**RE: Dismissal Order on Criminal Case No. 11F-87.**

Dear Sir:

I am enclosing a copy of the Dismissal Order on Criminal Case No.
11F-87; that has been used against me at the February 22, 2002 and
June 25, 2003, respectively, parole board hearings.
Please be advised that I would like to request that a copy be placed
in Department of Corrections and Parole Board files for future re-
ferences. Thanking you in advanced notice for your time and assis-
tance in the matter.

Respectfully submitted,

Alexander Blanco Kitano
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA 17837-1000

Michael Quinata, Chief Parole Officer
Parole Services Division
Department of Corrections
P. O. Box 3236
Hagåtna, Guam  96932
(671) 473-7000

Octber 23, 2003.

RE:     **Order of Dismissal on Criminal Case No. 11F-87 and
        Instructions for Filing an appeal of parole denials
        rendered on February 22, 2002 and June 25, 2003, respectively,
        by the Guam Territorial Parole Board at Tiyan, Guam.**

Dear Mr. Quinata:

I am enclosing a copy of my dismissal on 11F-87 that were subsequently
used against me at the above-mentioned parole hearings.  I am request-
ing that this document be placed in my Department of Corrections
and Parole Board files for future references.

Please be advised that in accordance with **9 GCA §80.74(b)**, Parole
Officer, Donna Cruz, has acted outside the duties of her position
by misrepresenting and speaking on my behalf at all board proceed-
ings conducted at Tiyan, Guam.  I am cordially requesting that she
be excluded from appearing at future board hearings held on my behalf,
and against my authorization.

I have written to the Attorney General' Office requesting for the
enclosed document and I am asking for the proper instructions for
filing an appeal of the denials of my release on parole hereto as
I have expressed to you via telephone link.

Thanking you for your assistance in also forwarding my certificates
and other pertinent matters I am requesting of your office.

**Dångkolo na Si Yu'os Ma'åse'.**

Sincerely,

Alexander Blanco Kitano
Prison Reg. No. 80362-011
United States Penitentiary
P. O. Box 1000
Lewisburg, PA  17837

Clerk of Courts
Superior Court of Guam
Guam Judicial Center
120 West O'Brien Drive
Hagåtna, Guam 96910


January 5, 2004.

To whom it may concern:

I am a territorial [state] prisoner serving a life sentence, with
the possibility of parole after fifteen (15) years of imprison-
ment, presently in the custody of the Federal Bureau of Prisons
and incarcerated at the United States Penitentiary in Lewisburg,
Pennsylvania, pursuant to Title 18 U.S.C. §5003 and by virtue of a
guilty plea made on June 30, 1987 in the Superior Court of Guam
issued by the Honorable Judge Paul J. Abbate. Please see attached
copy of Judgment Order on Criminal Case No. 120F-87.

I have been eligible for the possibility of parole on February 8,
2002. Since then I have received two (2) separate Order of the
Board notice of actions denying release on parole, absent my pre-
sence and the opportunity to present documentary support at those
February 23, 2002 and June 25, 2003, respectively, parole board
hearings held at Tiyan, Guam by the Guam Territorial Parole Board.

I have written to the Chairperson of the Board, Francisco L. Marion;
Director of the Department of Corrections, Frank Ishizaki; and the
Attorney General's Office authorities, expressing my concerns that
the decisions of my denials and procedures used by the Board to ren-
der those assessments were unconstitutional, and I have yet to re-
ceive adequate relief or any assistance in affording me with the
roper remedies and law books of Guam. I am now petitioning for the
authority of this Honorable Court to grant me the permission to file
a motion for a Writ of Habeas Corpus, if, this is the required pro-
cess of action I am required to take. I am appealing the denials
and the procedures used by the Guam Territorial Parole Board in the
February 22, 2002 and June 25, 2003, respectively, at Tiyan, Guam to
this Honorable Court.

Please respond with the necessary course of action and/or the assis-
tance this Court may furnish me with to seek relief in the Territory
of Guam. Thanking this Honorable Court for its consideration and any
opinions it may find in the interest of justice in the matters stated
herein. Dang'kolo na si yuus masse.

Sincerely,

Alexander Blanco Kitano, pro se,
Prison Reg. No. 80362-011
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837-1000



# PAROLE SERVICES DIVISION
**Department of Corrections**
302 & 304 Sunset Blvd, C Street
Tiyan, Guam
Tel. No.: 473-7001   Fax No.: 473-7009

Felix P. Camacho
Governor of Guam

Kaleo S. Moylan
Lt. Governor of Guam


Frank Ishizaki,
Director

Robert D. Camacho
Deputy Director, Acting


Michael P. Quinata,
Chief Parole Officer

Gil G. Quinata,
Parole Officer II

Linda A. Charfauros,
Parole Officer I

Donna M. Cruz,
Parole Officer I

Lisa Monique T. Castro,
Parole Officer I

Antone Aguon,
Parole Officer I

Walter G. Gray,
Corrections Officer I

Melva C. Limo
Secretary II (Typist)

August 6, 2003


Alexander B. Kitano
Reg. #80362-011
United States Penitentiary
Lewisburg,  PA 17837-1000

 Alex,

I have attached a copy of Title 9 Guam Code Annotated as per
your request to the Director of Corrections, also attached is the
Guam Parole Board Order of Denial.  Please don't look at this as a
set back, but learn from it and I encourage you to continue to
progress while you're incarcerated.  If there are any questions or
concerns, please don't hesitate to contact me at tel: 473-7001 or
Fax 473-7009.

DONNA M. CRUZ
PAROLE OFFICER I


Cc:  Case Manager

P.O. Box 3236, Hagatna, Guam 96932



# SUPERIOR COURT OF GUAM

Guam Judicial Center • 120 West O'Brien Drive • Hagåtña, Guam 96910

Telephone (671) 475-3420
Fax (671) 472-2856

**RICHARD B. MARTINEZ**
Clerk of Courts, Acting

August 12, 2002

ALEXANDER BLANCO KITANO
Reg. No. 80362-011
United States Penitentiary
P.O. Box 1000
Lewisburg, PA   17837

Dear Sir:

Please be advised that the Superior Court of Guam is unable to provide you a copy of Title 9 Guam Code Annotated and additional information as requested in your letters of July 11, 2003 and August 11, 2003. The Compiler of Law is the only office authorized to distribute the Guam Code Annotated Law Books that you may need.

Copies of your letters have been forwarded to Michael P. Quinata, Chief Parole Officer of the Guam Parole Services Division, for his perusal.

Should you need further assistance, you may direct your inquiries to the Guam Parole Services Division, P.O. Box 3236, Hagatna, Guam 96932 or the Compiler of Law, Attorney General's Office, 120 West O'Brien Drive, Suite 2-200E, Hagatna, Guam 96910.

**RICHARD B. MARTINEZ**
Acting Clerk of Court



**Douglas B. Moylan**
Attorney General

**Tricia R.S. Ada**
Chief Prosecutor
General Crimes Division

# Office of the Attorney General

October 13, 2003

Alexander Blanco Kitano
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837-1000

     Re: Request for information

Dear Mr. Kitano:

Buenas yan Saluda.

We are in receipt of your correspondence dated September 16, 2003, regarding your request for a copy of Title 9 GCA, and other documents as it pertains to Criminal Case No. 120F-87.

You may view the entire Title 9 Guam Code Annotated on our web page at www.guamattorneygeneral.com, and select the <u>Guam Code</u> hyperlink.

As for the other documents you requested our we have included copies of the judgments in S.C. Criminal Case Nos. 120F-87 and 11F-87 and the Motion and Order for Dismissal in S.C. Criminal Case No. CF0011-87.

Dångkolo na Si Yu'os Ma'åse' - Thank you very much.

Sincerely,

TRICIA R.S. ADA
Chief Prosecutor

vnn:G:\HOME\JLAVILLE\OFFISI\2003CORR\KITANO.WPD

Guam Judicial Center, Suite 2-200E •120 West O'Brien Drive • Hagåtña •Guam 96910 • U.S.A.
(671) 475-3406 • (671) 477-3390 (Fax) ● www.guamattorneygeneral.com ● law@mail.justice.gov.gu

Case 1:04-cv-00007    Document 3    Filed 02/26/2004    Page 69 of 75

GUAM PAROLE LAWS AND ISSUES

TITLE 9 GUAM CODE ANNOTATED :

§ 80.72(b); §80.76(a) and (b) ;

CHAPTER 85. TERRITORIAL PAROLE BOARD

# GUAM PAROLE
# LAWS AND ISSUES

## PAROLE SERVICES DIVISION
## Department of Corrections
## P.O. Box 3236
## Hagåtña, Guam 96932

**Telephones: (671) 473-7001**
**Fax: (671) 473-7009**

## 9 GCA Chapter 80 - Disposition of Offenders

occupation or employment he will follow. The institutional parole staff shall render reasonable aid to the prisoner in the preparation of his plan and in securing information for submission to the board.

(b) A prisoner shall be permitted to advise with any persons whose assistance he reasonably desires, including his own legal counsel, in preparing for a hearing before the board.

SOURCES: cf. Govt. Code §39106; "M.P.C. §305.7; Mass. ch. 264 §29.

(1) his release is compatible with public safety and security;

(2) there is substantial likelihood that he will abide by law and conform to the conditions of parole;

(3) his release at that time would not depreciate the seriousness of his crime nor promote disrespect for law;

(4) his release would not have a substantially adverse effect on institutional discipline; and

(5) his continued correctional treatment, medical care or vocational or other training in the institution will not substantially enhance his capacity to lead a law-abiding life when released at a later date.

(1) the prisoner's personality, including his age and maturity, stability, sense of responsibility and any apparent development in his personality which may promote or hinder his conformity to law;

---

## 9 GCA Chapter 80 - Disposition of Offenders

§80.2. [illegible] for Parole Eligibility.

(a) Unless otherwise provided by law, every person confined in a territorial penal or correctional institution [illegible] two-thirds (2/3) of his fixed sentence or after a greater time set by the court, which shall state reasons therefor or in the case of a person sentenced to [illegible]

(b) The Board shall consider the desirability of parole of each inmate at least sixty (60) days prior to his first eligibility. Following such consideration, the Board shall issue a formal order granting or denying parole. If parole is denied [illegible] for denial [illegible] the Board need not state any reasons [illegible] to do so would impair a course of rehabilitative treatment of the inmate.

SOURCE: Enacted 1977; repealed and reenacted by P.L. 14-143, eff. 10/01/78.

COMMENT: Note the addition of new §§55015 and 39100.2 to the Government Code by P.L. 14-151, effective 10/17/78. These two sections place restrictions on prisoners' going outside the boundaries of the Guam Penitentiary without the authority of the Parole Board. But see Court Decision following §80.48 invalidating these sections.

§80.74. Preparing Prisoner for Parole Hearing.

(a) Each prisoner in advance of his parole hearing shall be requested to prepare a parole plan, setting forth the manner of life he intends to lead if released on parole, including such specific information as to where and with whom he will reside and what

Case 1:04-cv-00007    Document 3    Filed 02/26/2004    Page 72 of 75

## 9 GCA Chapter 80 - Disposition of Offenders

automatic "good time" credit may have the effect of requiring the release of potentially dangerous person before such a release is warranted in the judgment of the Director of Corrections and the

[text obscured]

regarding the prisoner as may be available:

(a) a report prepared by the institutional parole staff, relating to his personality, social history and adjustment to authority, and including any recommendations which the institutional staff may make;

(b) all official reports of his prior criminal record, including reports and records of earlier probation and parole experiences;

(c) any pre-sentence investigation report of the sentencing court:

(d) any recommendations regarding his parole made at the time of sentencing by the sentencing judge or the prosecutor;

(e) the reports of any physical and mental examinations of the prisoner:

(f) any relevant information which may be submitted by the prisoner, the victim of his crime, or by other persons;

(g) the prisoner's parole plan;

(h) the record of his conduct while imprisoned;

(i) such other relevant information concerning the prisoner as may be reasonably available.

SOURCES: Govt. Code §§39101, 39103, 39104, 39105, M.P.C. §305.10; Mass. ch. 264 §31.

1985 - 357

---

## GCA Chapter 80 - Disposition of Offenders

(2) the prisoner's parole plan;

(3) the prisoner's ability and readiness to assume obligations and undertake responsibilities;

(4) the prisoner's family status and whether he has relatives who display interest in him or whether he has other close and constructive associations in the community;

(5) the prisoner's employment history, his occupational skills and training, and the stability of his past employment;

(6) the type of home environment in which the prisoner plans to live;

(7) the prisoner's past use of narcotics or other harmful drugs, or past habitual and excessive use of alcohol;

(8) the prisoner's mental and physical make-up, including any disability or handicap which may affect his conformity to law;

(9) the prisoner's prior criminal record, including the nature and circumstances, recentness and frequency of previous offense;

(10) the prisoner's attitude toward law and authority;

(11) the prisoner's conduct in the institution, including whether he has taken advantage of the opportunities for self-improvement afforded by the institutional program;

(12) the prisoner's conduct and attitude during any previous experience of probation or parole and the recentness of such experience.

SOURCES: cf. Govt. Code §39106; °M.P.C. §305.7; Mass. ch. 264, §29.

COMMENT: While any competent parole board is sure to take these criteria and factors into account, the Legislature and the public are entitled to the greater assurance that this explicit provision may give. No "good time" provisions are retained. The power of the parole board to release the prisoner provides more than enough incentive to a prisoner to give a good account of himself while in prison. On the other hand,

1985 - 356

**CHAPTER 85 TERRITORIAL PAROLE BOARD**

COMMENT: Chapter 85, Territorial Parole Bo. , transfers from the Government Code Chapter 1 of Title XXXV creating the Territorial Parole Board and Chapter 4 dealing with the employees of the Parole Board and Section 39107 relative to subpoenas. All these have been done without change and the respective Sections of the Government Code have been repealed by Public Law 13-187. The authority of the Board, and the conditions of parole are treated by Chapter 80 of this Code.

§85.10. Territorial Parole Board Created.
There is in the Executive branch of the government of Guam a "Territorial Parole Board" hereinafter referred to as "the Board," consisting of five (5) members appointed by the Governor, by and with the advice and consent of the Legislature. Only persons who by their knowledge and experience are prepared to perform efficiently the duties of the Board as hereinafter provided shall be eligible to such appointment.

§85.14. Chairman Appointed: Meetings at Least Monthly.
The Governor shall appoint one (1) of the members of the Board as chairman. The Board shall meet regularly at least once a month. Special meetings may be called by the chairman.

§85.18. Term Established.
The terms of office for the members shall be four (4) years, and until their successors are appointed and have qualified. A vacancy occurring before expiration of the term of office shall be filled for the unexpired portion thereof.

1985 - 380

---

**9 GCA Chapter 80 - Disposition of Offenders**

(a) "Alternative Community Service" means repayment of the general public for the expenses incurred incidental to the by doing public service be by donation of time to persons so as to benefit work at entities or for persons which includes: charitable the general public which includes: educational agencies governmental subdivisions, the elderly, the institutions, the handicapped, the offender's choice and ... logy, the church of the sentencing judge and other agencies that the sentencing judge reasonably rehabilitative to the offender, however, no work service shall result in gain to any private individual or corporation, other than the defendant.

(b) "Self-Improvement and Rehabilitative Programs" shall include, but are not limited to, vocational and vocational school, classes in educational and private schools, alcohol education/public or private alcoholic anonymous meetings, alcohol treatment, education and rehabilitation, vocational/health education any other self-employment counseling or the sentencing judge in improvement activities that the sentencing judge deems reasonable rehabilitative and beneficial to the offender.

SOURCE: Added by P.L. 16-51.

1 85 - 364

---

9 GCA Chapter 85 - Territorial Parole Board

**§85.22. No Compensation; Expenses Allowed.**
Members of the Board shall receive no compensation for their service while on the Board; provided, however, that they shall be reimbursed for reasonable travel and out-of-pocket expenses incurred in the performance of Board duties as certified by the Treasurer of Guam.

The Board is authorized to release on parole any person confined in any penal or correctional institution of this Territory and to revoke parole or discharge from parole any parolee as provided in Article 5 (commencing with §80.70) of Chapter 80. The Board may adopt such rules and procedures not inconsistent with law as it may deem proper or necessary to carry out its duties.

Upon approval of a majority of its members, the Board shall have power to issue subpoenas requiring the attendance of such witnesses and the production of records, books, papers and documents as it may deem necessary for investigation of the case of any person before it. Subpoenas may be signed and administered by any member of the Board. Subpoenas issued may be served by any police, parole or probation officer, or other law enforcement officer, in same manner as similar process in the Superior Court. Any person who testifies falsely or fails to appear when subpoenaed, or fails or refuses to produce such material pursuant to the subpoena, shall be subject to the same orders and penalties to which a person before a court is subject. The Superior Court, upon application of the Board, may in its discretion compel the attendance of witnesses, the production of such material and the giving of testimony before the Board, by an attachment for contempt or otherwise, in the same manner as production of evidence may be compelled before such court.

---

9 GCA Chapter 85 - Territorial Parole Board

**§85.34. Seal.**
The Board shall adopt an official seal of which the courts shall take judicial notice. Decisions of the Board shall be by majority vote.

**§85.38. Records to be Kept; Report to Governor Required.**
The Board shall keep a record of its acts, and shall notify each institution of its decisions relating to the persons who are or have been confined therein. At the close of each fiscal year the Board shall submit to the Governor a report with statistical and other data of its work.

**§85.50. [Probation officers to serve as parole officers]:** Repealed by P.L. 14-133, effective 07/03/78.

**§85.54. Duties of Parole Officers.**
The parole officer shall:
(a) be responsible for investigation, supervision and reports as may be requested by the Board;
(b) formulate methods of supervision. record keeping and reports;
(c) furnish to each person released under his supervision a written statement of the conditions of parole and instruct such person as to the same;
(d) keep informed of the conduct and condition of each person under his supervision and use all suitable methods to aid and encourage them and to bring about improvement in their conduct and condition; and
(e) keep detailed records of his work.